■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO ROMAN, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J., at suppression hearing; Daniel P. FitzGerald, J., at conclusion of suppression hearing and trial), convicting defendant, after a jury trial, of grand larceny in the fourth degree (Penal Law § 155.30), criminal possession of stolen property in the fourth degree (Penal Law § 165.45), and unauthorized use of a vehicle in the third degree (Penal Law § 165.05), and sentencing him, as a predicate felony offender, to concurrent indeterminate terms of imprisonment of from 2 to 4 years on the grand larceny and criminal possession counts, and a concurrent term of six months for unauthorized use of a vehicle, unanimously affirmed.

At approximately 4:50 A.M. on June 3, 1988, Police Officers Gregory Brydie and Theresa Roberts were driving their patrol car on 75th Street between West End Avenue and Riverside Drive in Manhattan, when their attention was caught by two men who suddenly jumped from a parked car and bolted down the street. The officers followed in their car, and watched as one of the men, codefendant Luis Vasquez, dove head first under a parked car and the other, defendant Armando Roman, turned to run in the opposite direction. The officers pursued on foot and, upon apprehending the two men, detained them pending inspection of the vehicle from which they had fled when the officers approached. The car, which was still running, had a broken steering column and damaged ignition and door locks. From its interior, the officers recovered a flashlight and a "breaker bar", which is used to turn bolts in small, angular spaces.

Double-parked approximately three feet away from the damaged vehicle was a pickup truck with its driver's side window open, through which the officers observed a black canvas bag and a "slaphammer", a tool often used by car thieves to punch out door and ignition locks. Upon placing the two men under arrest, the officers searched defendant and recovered keys to the pickup truck and a coil commonly used to jump-start cars. The canvas bag found in the truck contained various other tools, including screwdrivers, needle-nose pliers, sockets and wrenches.

An attempt to steal the automobile in question, a white Toyota, had been made approximately three hours earlier on the morning of June 3, 1988, and a suspect had been arrested. At the time of that arrest, Officer Harold Peterson had observed minor scratches on the ignition and door locks. Prior to leaving the scene, Officer Peterson rolled up the car windows and locked its doors. When Officer Brydie later examined this vehicle, the door locks were broken, it was running, and the steering column had been broken to permit the wires to be connected so it could be started without a key.

On appeal, defendant argues that his guilt was not proved beyond a reasonable doubt, that the coil submitted into evidence should have been suppressed, and that the slaphammer was improperly admitted into evidence at trial. These claims are without merit.

First, we reject defendant's claim that there was insufficient evidence to support the charges. An examination of the record as a whole persuades us that defendant exercised control over

the property, and that he would have driven away but for the police intervention. *(See, People v Alamo,* 34 NY2d 453, 459-460; Penal Law § 155.05 [1]; § 165.05 [1]; § 165.45.) We further conclude that the officers' observations of defendant and codefendant quickly exiting and running from the parked car at 4:50 in the morning, as their motor patrol car approached, followed by codefendant's attempt to dive beneath a parked car and defendant's flight in the opposite direction, provided a reasonable predicate for their temporary detention while the officers investigated the car. *(See, People v Hicks,* 68 NY2d 234, 241.) Once Officer Brydie discovered the broken steering wheel and door locks, and the breaker bar inside of the car, there was probable cause to arrest the defendant, and the ensuing search of his person was incident to such arrest. Thus, the motion to suppress the coil recovered from defendant's pocket was properly denied.

Finally, we are satisfied that defense counsel's cross-examination of Officer Brydie opened the door with respect to the slaphammer. Indeed, the record establishes that when the court noted that the door was open, defense counsel replied that he did not "have any problem with that".

Accordingly, the judgment of conviction is affirmed in all respects. Concur—Carro, J. P., Rosenberger, Kassal, Ellerin and Wallach, JJ.