■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BRYANT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered April 18, 1989, convicting him of criminal possession of stolen property in the third degree, unauthorized use of a motor vehicle in the third degree, and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing

sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence adduced at the hearing established that the police officer had probable cause to arrest him. The testimony established that the arresting officer observed that the defendant was having great difficulty in attempting to park a Buick automobile. The officer approached the vehicle and observed that the motor was running even though the ignition key was in the "off" position, and that a rag had been tied around the steering column. Moreover, upon observing the officer, the defendant exited the vehicle and began to walk away slowly, leaving the engine running. These circumstances, taken together, were sufficient to lead a reasonable person possessing the same expertise as the arresting officer to conclude that the defendant was in possession of a stolen vehicle (see, People v McKay, 124 AD2d 828).

Moreover, the defendant's claims that he was denied a fair trial by the prosecutor's statements during summation and by an alleged violation of CPL 710.30 (1) (a) are unpreserved for appellate review (see, CPL 470.05 [2]), and we decline to reach the issues in the exercise of our interest of justice jurisdiction under the circumstances of this case.

Viewing the evidence in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contention that he was denied the effective assistance of counsel is without merit. Bracken, J. P., Kooper, Sullivan and Lawrence, JJ., concur.