■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered February 25, 1990, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing testimony established that when the arresting officer attempted to stop a speeding car by following it and activating his vehicle's flashing "turret light", the other car sped up. When it eventually stopped, the officer noticed that it was running without a key in the ignition, there were wires protruding from the steering column, and there was a clear plastic bag containing bullets on the back seat. All three occupants were arrested. A search of the defendant, the front seat passenger, produced a loaded handgun and 82 vials of crack-cocaine. This physical evidence was the subject of the defendant's suppression motion, the denial of which we now affirm.

We agree with the hearing court that the officer had probable cause to arrest the defendant since the facts and circum-

stances, viewed together, would lead a reasonable person possessing the same expertise as the arresting officer to believe that the defendant was in possession of a stolen vehicle *(see, People v Bigelow,* 66 NY2d 417; *People v Bryant,* 173 AD2d 721; *People v Roman,* 167 AD2d 262; *People v Dawkins,* 163 AD2d 322). Contrary to the defendant's contention, the arrest was not rendered unlawful by reason of the police officer's failure to confirm by radio that the car was, in fact, stolen. A radio confirmation is but one factor to consider in making a determination of probable cause and is not required where, as here, the circumstances are otherwise sufficient to support such a finding *(see, People v Bryant, supra; People v Roman, supra; cf., People v Whiten,* 156 AD2d 606; *People v Bowdoin,* 89 AD2d 986). Bracken, J. P., Sullivan, Lawrence and Ritter, JJ., concur.