■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BRENIA, Appellant. [715 NYS2d 54] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered March 26, 1998, convicting defendant, after a nonjury trial, of grand larceny in the third degree and unauthorized use of a vehicle in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 2½ to 5 years and 1 year, respectively, unanimously affirmed.

The court's verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's larcenous intent could be readily inferred from his conduct and from the surrounding circumstances (see, People v Moran, 123 NY 254, 256-257; People v Smith, 140 AD2d 259, lv denied 72 NY2d 924). Defendant surreptitiously entered a car whose engine was running, released the emergency brake and oper-

ated the gearshift lever, stepped on the accelerator pedal even after the complainant had jumped onto the hood of the car, and fled from the scene when another vehicle blocked the car from moving. The momentary nature of this interrupted taking does not preclude a finding of larcenous intent. Defendant's actions as a whole also establish that although the car did not actually move, defendant exercised control over the vehicle, thus satisfying the asportation requirement for a· completed larceny (*see, People v Robinson*, 60 NY2d 982, 983; *People v Alamo*, 34 NY2d 453, 458-460; *People v Roman*, 167 AD2d 262, *lv denied* 77 NY2d 881). Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Saxe, JJ.