■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD HOPKINS, Appellant. [893 NYS2d 883]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered December 20, 2007, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evi-

dence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Santos*, 86 NY2d 869, 870 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the defendant intended to permanently deprive the complainant of his property (*see People v Pulliam*, 62 AD3d 814 [2009]; *People v Brenia*, 277 AD2d 17 [2000]; *Matter of Nehial W.*, 232 AD2d 152 [1996]; *People v Reed*, 124 AD2d 836 [1986]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contention is without merit. Skelos, J.P., Angiolillo, Balkin and Lott, JJ., concur.