■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT EISMANN, Appellant.—

We find no reason to disturb the hearing court's findings that the defendant knowingly and intelligently waived his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436) and voluntarily confessed to the crime. In so finding, the hearing court specifically rejected the testimony of the defendant and credited the testimony of the prosecution witnesses. It is well settled that issues of credibility are primarily for the hearing court, whose determination should not be disturbed on appeal unless clearly unsupported by the record *(see, People v Cristobal,* 136 AD2d 558; *People v Armstead,* 98 AD2d 726). The prosecution witnesses unequivocally stated that the defendant was advised of his rights and voluntarily waived them. With respect to the defendant's contention that his inculpatory statements should have been suppressed because he was unable to read or understand the English language, the record fully supports the hearing court's determination that the defendant had sufficient command of the English language to comprehend and waive his *Miranda* rights *(see, People v Sirno,* 151 AD2d 621; *People v Zuluaga,* 148 AD2d 480). In addition, the defendant demonstrated his ability to understand English by reading aloud in open court and testifying meaningfully at the hearing.

Viewing the evidence adduced in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The infant victim, aged seven at the time of the first incident charged and aged 10 at the time of trial, was sworn by the trial court after it satisfied itself that she appreciated the nature of an oath and her duty to tell the truth. She then testified that the defendant committed at least three acts of sodomy over a two-year period. This testimony coupled with the defendant's confession was legally sufficient to support the jury's verdict. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Thompson, J. P., Lawrence, Kunzeman and Balletta, JJ., concur.