THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEATRICE GONZALEZ, Appellant.

We find no reason to disturb the hearing court's findings that the defendant knowingly and intelligently waived her Miranda rights (see, Miranda v Arizona, 384 US 436) and voluntarily confessed to the crime. In so finding, the hearing court specifically rejected the testimony of the defendant and credited the testimony of the prosecution witnesses. It is well settled that issues of credibility are primarily for the hearing court, which saw and heard the witnesses and its determination should not be disturbed on appeal unless clearly unsupported by the record (see, People v Prochilo, 41 NY2d 759, 761;

*People v Eismann,* 158 AD2d 537). We reject the defendant's contentions that she was subject to continuous interrogation so as to render the *Miranda* warnings ineffective *(see, People v Bethea,* 67 NY2d 364; *People v Chapple,* 38 NY2d 112), or that the statements made by her at the station house were involuntarily given on constraint of her first statement, under the so-called "cat-out-of-the-bag" theory *(see, People v Tanner,* 30 NY2d 102, 106-107). The statements made by the defendant at the scene of the crime were exculpatory in nature. In any event they were made in response to investigative inquiries, and were not the result of custodial interrogation *(see, People v Bennett,* 70 NY2d 891; *People v Huffman,* 41 NY2d 29).

Furthermore, the defendant knowingly and voluntarily pleaded guilty in the presence of her counsel, after the court had fully advised her of her rights, had apprised her of the consequences of her plea, and had elicited a factual statement from her concerning the circumstances of the charged crime *(see, People v Harris,* 61 NY2d 9; *People v Francis,* 38 NY2d 150, 154).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Harwood, Lawrence and O'Brien, JJ., concur.