■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CREAMER, Appellant. [604 NYS2d 142] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered October 30, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's motion which were to suppress certain statements made by him and physical evidence.

Ordered that the judgment is affirmed.

The defendant's suppression motion was properly denied. "Issues of credibility 'are primarily for the hearing court,

whose determination should not be disturbed on appeal unless clearly unsupported by the record' " *(People v King,* 183 AD2d 785, 786; quoting *People v Eismann,* 158 AD2d 537, 538). Here, the record amply supports the hearing court's rejection of the testimony of the defendant's witness, and its finding of credibility with respect to the People's witnesses. As noted by the hearing court, the testimony of the defendant's witness contained statements of fact that were refuted by incontestable evidence or by common sense. By contrast, the testimony of the People's witnesses was matter-of-fact and established that the police entered the defendant's apartment with the consent of the defendant's legal guardian, read the defendant his *Miranda* rights at the police precinct prior to questioning him, and lawfully arrested the defendant at the precinct. Under the totality of the circumstances, the arrest was lawful and the evidence obtained pursuant to the arrest was admissible.

The defendant also contends that he was denied the effective assistance of counsel. Reviewing the record in its entirety, we are satisfied that the defendant received the effective assistance of counsel. The record shows, for example, that defense counsel successfully persuaded the jury to acquit the defendant of the first count of the indictment, successfully moved to suppress identification evidence of a witness, and vigorously cross-examined the People's witnesses at both the suppression hearing and the trial. In short, defendant was meaningfully represented *(see, People v Baldi,* 54 NY2d 137). Bracken, J. P., Rosenblatt, Copertino and Pizzuto, JJ., concur.