People v Connors (2020 NY Slip Op 02476)





People v Connors


2020 NY Slip Op 02476


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2019-00933
 (Ind. No. 1075-18)

[*1]The People of the State of New York, respondent,
v
Sean M. Connors, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Elizabeth Miller and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Fernando Camacho, J.), rendered December 5, 2018, convicting him of criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the County Court's determination denying that branch of the defendant's omnibus motion which was to suppress statements he made to a police officer during a traffic stop. The investigatory inquiries made by the officer did not constitute custodial interrogation, and thus, Miranda warnings (see Miranda v Arizona, 384 US 436) were not required at that time (see People v Bennett, 70 NY2d 891, 893; People v Parris, 26 AD3d 393, 394; People v Gonzalez, 179 AD2d 775, 776).
Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish the defendant's guilt of criminal possession of stolen property in the fourth degree beyond a reasonable doubt (see Penal Law § 165.45[5]). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The defendant's knowledge that the vehicle he possessed was stolen was proven beyond a reasonable doubt by evidence of the defendant's exclusive possession of the stolen vehicle; the implausibility of his explanation that the vehicle had been rented by a friend, given its condition; and his statement to the arresting officer that his friend told the defendant that he would "be in a lot of trouble" if he got pulled over while driving the vehicle (see People v Cintron, 95 NY2d 329, 332; People v Bullock, 287 AD2d 465). The People additionally established, beyond a reasonable doubt, that the value of the vehicle exceeded $100 (see Penal Law § 165.45[5]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention does not require reversal.
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court