## SECOND DEPARTMENT, JULY, 1976

### (July 6, 1976)

■ In the Matter of ALBERT J. BRACKLEY, Petitioner, v HARRY J. DONNELLY, as a Justice of the Supreme Court of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (1) to prohibit the trial of Joseph Sciannameo on Kings County Indictment No. 2316/73, (2) for dismissal of the said indictment and (3) the exoneration of bail, upon the ground that a trial thereof is barred by a previous prosecution. Proceeding dismissed on the merits, without costs or disbursements. A first trial in this case ended in a hung jury and a mistrial was declared. Thereafter the People again moved the instant indictment for trial and the jury selection process began. After six jurors were selected and sworn, the prosecution discovered that certain alleged gambling records, which it regarded as crucial evidence, were missing. The trial court granted a one-day adjournment, without objection by defendant, to give the prosecution an opportunity to locate the evidence. On the following day the prosecutor explained that the evidence had been loaned to the United States Attorney's office for use in a trial of defendant on a different matter in the Federal District Court, and that it could not be found. The matter was adjourned until that afternoon for further efforts to locate the missing evidence. The search proved fruitless and, at the afternoon session, the prosecution's motion for the declaration of a mistrial pursuant to CPL 280.10 (subd 3) was granted over objection by defendant. The evidence was discovered a few hours later. Defendant's trial counsel now brings the instant proceeding on his client's

behalf to enjoin further prosecution and to direct a dismissal of the indictment, upon the ground that a mistrial was improvidently granted. It should first be noted that on these facts double jeopardy is not a bar to defendant's retrial since a person is "prosecuted" under our law when a criminal action proceeds to the trial stage and "a jury has been empaneled and sworn" (CPL 40.30, subd 1, par [b]). Here only 6 of the required 12 jurors were selected and sworn. Despite the fact that this case did not proceed to a state in which defendant was placed in jeopardy, the trial itself commenced with the jury selection process (CPL 1.20, subd 11). Accordingly, termination of the trial proceedings could only be obtained by the declaration of a mistrial (see CPL 280.10, subd 3). It is now contended that the court improvidently declared a mistrial because such relief may be granted only upon a showing of "manifest necessity" (citing *United States v Perez,* 9 Wheat [22 US] 579). In *Perez* the defendant had been tried for a capital offense, and the jury being unable to agree, the court declared a mistrial without the defendant's consent. He thereupon claimed that the discharge of the jury was a bar to any further prosecution for the same offense. The Supreme Court held that the discharge did not bar further prosecution, stating (p 580): "the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, *or the ends of public justice would otherwise be defeated"* (emphasis added). Petitioner would have us apply the stringent test of "manifest necessity" and hold that no such exigency was present here. We cannot but observe that the manifest necessity test of *Perez* was laid down in a case in which the question was one of the prohibition against being twice placed in jeopardy for the same offense. As is noted above, that issue is not before us in the case at bar. We hold that while the jury selection process is under way, and before double jeopardy attaches, the court should apply the alternative test stated in the *Perez* case and may declare a mistrial where, under all of the circumstances, the ends of public justice would otherwise be defeated. We see no abuse of discretion here. The proceeding should therefore be dismissed. Hopkins, Acting P. J., Latham, Cohalan, Titone and Hawkins, JJ., concur.