■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH JENKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered September 11, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After the defendant's conviction of murder in the second degree was reversed by this court *(see, People v Jenkins,* 93 AD2d 868), the defendant was retried and again convicted of murder in the second degree.

Prior to the first trial, the first trial court discharged a sworn juror and prospective jurors, based upon the granting of a mistrial motion made by the defendant's then court-appointed counsel. The defendant's claim, raised for the first time on this appeal, that this procedure barred any further prosecution under the instant indictment is without merit. Initially, jeopardy did not attach since the entire jury had not been impaneled and sworn at the time of the declaration of the mistrial *(see,* CPL 40.30 [1] [b]; *People v Thompson,* 79 AD2d 87, 108, n 19, *appeal withdrawn* 55 NY2d 879; *Matter of Brackley v Donnelly,* 53 AD2d 849). The termination of the trial proceedings could only be obtained by the declaration of a mistrial since the trial had commenced *(see,* CPL 1.20 [11]; *Matter of Brackley v Donnelly, supra).* "As * * * noted in *People v Ferguson* (67 NY2d 383, 389-390 * * *), a defendant need not agree with counsel, or even be in the courtroom when counsel moves for a mistrial, for the motion to be binding on him" *(People v Catten,* 69 NY2d 547, 556). In any event, the defense counsel's mistrial motion was prompted by the defendant's obstreperous conduct during the voir dire of the prospective jurors, and was properly granted.

We also find that during this second trial, the trial court's *Sandoval* ruling was proper *(see, People v Sandoval,* 34 NY2d 371), and its charge to the jury on the defense of justification was adequate *(see, People v Canty,* 60 NY2d 830, 832).

When viewed in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), the evidence was legally sufficient to support the defendant's conviction. Further, upon the exercise of our factual review power, we are satisfied that the defendant's guilt was established beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Mangano, J. P., Lawrence, Weinstein and Rubin, JJ., concur.