■ In the Matter of KEITH CHEATOM, Petitioner, v ROBERT S. KREINDLER et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the respondents from conducting any further proceedings against the petitioner under Kings County Indictment Number 14149/89.

Adjudged that the proceeding is dismissed, without costs or disbursements.

The petitioner's claim that the principles of double jeopardy bar any further proceedings under this indictment are without merit. The entire jury had not been impanelled and sworn at the time prior trial proceedings were terminated. Therefore, jeopardy did not attach *(see,* CPL 40.30 [1] [b]; *Matter of Brackley v Donnelly,* 53 AD2d 849, 850; *People v Jenkins,* 135 AD2d 733, 734; *People v Thompson,* 79 AD2d 87, 108, n 19).

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" *(Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *accord, Matter of Rush v Mordue,* 68 NY2d 348, 353). The petitioner here has failed to demonstrate that the trial court acted in excess of its authorized powers in

704

refusing to swear in a twelfth juror or the two alternates at the trial proceedings that were terminated. Thus, he has not shown a clear legal right to the relief he seeks, and his petition must be dismissed. Mangano, P. J., Thompson, Bracken, Brown and Sullivan, JJ., concur.