■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENNETH P. BROWNE, Respondent. [601 NYS2d 893] —Order unanimously affirmed *(see, People v Mitchell,* 189 AD2d 337). (Appeal from Order of Monroe County Court, Wisner, J.— Settle Record.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BROWN, Appellant. [601 NYS2d 727] —Judgment unanimously reversed on the law, motion to suppress granted and new trial granted. Memorandum: Defendant was convicted of murder in the second degree, following a jury trial, for the shooting death of his girlfriend's sister. Reversal of the conviction is required because defendant's absence from the *Sandoval* hearing held in chambers deprived him of his constitutional right to be present during all material stages of the trial *(see, People v Beasley,* 80 NY2d 981, 982, *rearg denied* 81 NY2d 759; *People v Dokes,* 79 NY2d 656, 662; *People v Young,* 195 AD2d 1041 [decided herewith]; *People v Towndrow,* 187 AD2d 194, 197).

We further conclude that Supreme Court erroneously denied defendant's suppression motion. While defendant was being handcuffed, a police officer asked him if an ammunition clip in plain view between the cushions of the couch, where defendant had been sitting, belonged to him. Defendant responded that it did. We find that defendant's response, which was not preceded by *Miranda* warnings *(see, Miranda v Arizona,* 384 US 436), was the product of custodial interrogation and must therefore be suppressed.

Defendant contends for the first time on appeal that all subsequent oral and written statements made by him that

day, although preceded by *Miranda* warnings, must be suppressed as the product of a single continuous process of custodial interrogation. That issue was not raised before the suppression court and is therefore not preserved for appellate review *(People v Martin,* 50 NY2d 1029). In any event, the contention lacks merit. After defendant was handcuffed, he was taken outside to a waiting police car where he was advised of his *Miranda* rights. Defendant indicated that he wished to waive those rights and speak to the officer. Defendant subsequently made oral and written statements to the police detailing his involvement in the shooting. We conclude that defendant was not "subjected to such a continuous interrogation that the warnings administered before the later statements were insufficient to protect his rights" *(People v Bethea,* 67 NY2d 364, 368). Following the single question about the ammunition clip, posed while defendant was being handcuffed, there was a definite and pronounced break before questioning resumed. Thus, defendant returned "to the status of one who is not under the influence of questioning" *(People v Chapple,* 38 NY2d 112, 115). We conclude that only defendant's statement acknowledging ownership of the ammunition clip must be suppressed. (Appeal from Judgment of Supreme Court, Monroe County, Wesley, J.—Murder, 2nd Degree.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.