■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BRAITHWAITE, Appellant. [603 NYS2d 136] —Judgment, Supreme Court, New York County (Kristin Booth Glen, J.), rendered July 29, 1985, convicting defendant of robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the third degree and sentencing him to concurrent terms of 7½ to 15 years, 6 to 12 years and 2½ to 5 years, respectively, unanimously affirmed.

Previously, this appeal was held in abeyance and remanded for a second reconstruction hearing pursuant to *People v Mullen* (44 NY2d 1, 5) based on the fact that defendant was not present at the initial reconstruction hearing, held on October 8, 1991, in connection with defendant's motion to suppress physical evidence (190 AD2d 572). Upon receipt of an affidavit signed by the defendant, in which he retroactively waived his presence at the reconstruction hearing held on October 8, 1991 and acknowledged all of the consequences of that waiver, we now review the merits of defendant's contentions on the appeal.

The radio call of a robbery in progress coupled with defendant's actions upon the arrival of the police officers at the apartment in question, provided the officers with ample justification to detain the defendant while they searched the vestibule; the discovery of the loaded handgun in the immediate area where defendant was seen bending over justified the arrest *(People v Martinez,* 80 NY2d 444; *cf., People v Walker,* 192 AD2d 734; *People v Johnson,* 188 AD2d 291, *lv denied* 81 NY2d 887).

Viewing the evidence in the light most favorable to the People *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we conclude that the defendant's guilt of the crimes charged was proved by overwhelming evidence *(People v Bleakley,* 69 NY2d 490). The defendant failed to properly preserve the issue raised on appeal concerning the prosecutor's summation comment (CPL 470.05). We find the defen-

dant's claims with respect to the trial court's charge to be meritless. Defendant's sentence was appropriate in view of his criminal history and the circumstances of this case. Concur— Sullivan, J. P., Rosenberger, Wallach and Ross, JJ.