■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEUNG K. SUL, Appellant. [652 NYS2d 57] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered December 20, 1995, convicting him of robbery in the first degree, robbery in the second degree (two counts), burglary in the first degree (two counts), and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertions, the trial court did not err by restricting the cross examination of prosecution witnesses regarding their motive to falsify. The trial court has broad discretion to limit cross examination when questions are repetitive, irrelevant or only marginally relevant, concern collateral issues, or threaten to mislead the jury (*see, Delaware v Van Arsdall*, 475 US 673, 679; *People v McGriff*, 201 AD2d 672, 673). The trial court did not improvidently exercise its discretion here.

Nor did the trial court err in refusing to charge the jury that the alleged fortune-telling by the complainant was a crime. The defense sought such an instruction in order to link the alleged fortune-telling to the risk of the complainant's deportation to his native China. However, the allegations of fortune-telling were not established at trial. In any event, the characterization of fortune-telling as a bad act, both in the defense summation and the court's charge, was sufficient to alert the jury to the issue of the complainant's credibility.

The defendant's sentence was not unduly harsh or excessive, and his remaining contention is unpreserved for our review. Copertino, J. P., Joy, Krausman and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH JENKINS, Appellant. [651 NYS2d 915] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 21, 1987 (*People v Jenkins*, 135 AD2d 733), affirming a judgment of the Supreme Court, Kings County, rendered September 11, 1984.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes*, 463 US 745). Mangano, P. J., Rosenblatt, O'Brien and Thompson, JJ., concur.