■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. CHAMPION, Appellant. [711 NYS2d 650] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, *inter alia,* attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]). We agree with defendant that County Court erred in denying that part of his motion seeking suppression of his statements to the police. To be effective, *Miranda* warnings must precede custodial interrogation of a suspect. "Later is too late, unless there is such a definite, pronounced break in the interrogation that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning" (*People v Chapple,* 38 NY2d 112, 115; *see, People v Bethea,* 67 NY2d 364). Before receiving *Miranda* warnings, defendant made incriminating statements regarding the subject crimes in response to custodial interrogation. Approximately 30 minutes later, the same officer administered *Miranda* warnings to defendant and immediately continued his interrogation of defendant, who spoke freely regarding the details of the subject crimes. The court erred in refusing to suppress the later statements. There was no "definite, pronounced break in the interrogation" (*People v Chapple, supra,* at 115), and thus "the warnings administered

before the later statements were insufficient to protect [defendant's] rights" (*People v Bethea, supra,* at 368). However, the error in admitting those statements is harmless beyond a reasonable doubt (*see, People v Crimmins,* 36 NY2d 230, 237).

The court properly denied without a hearing that part of the motion of defendant seeking suppression of a list of items used in the commission of the crime that were seized from his residence. Defendant's allegation that the prosecution witness who discovered the list was acting as an agent of the police in securing it was speculative and thus insufficient to require a hearing (*see generally, People v Hightower,* 85 NY2d 988, 989-990; *People v Mendoza,* 82 NY2d 415, 421-422; *People v Palmeri,* 272 AD2d 968).

Defendant failed to preserve for our review his contention that, in the absence of a pretrial ruling following a hearing to determine the admissibility of prior bad acts (*see, People v Molineux,* 168 NY 264, 293-294), the court erred in admitting testimony on direct examination concerning defendant's obsessive behavior toward the victim and testimony on rebuttal concerning prior threats by defendant to kill his first wife under circumstances similar to those with respect to the subject crimes. Defense counsel did not seek a final ruling on the admissibility of that testimony, nor did he object to that testimony at trial despite his indication to the court that he would defer his objection until hearing the foundation therefor during the trial. In any event, we conclude that the testimony at issue was admissible to demonstrate defendant's motive and intent in attacking the victim (*see, People v Guiteau,* 267 AD2d 1094) and to disprove defendant's insanity defense (*see, People v Santarelli,* 49 NY2d 241, 248-249, *rearg denied* 49 NY2d 918).

There is no merit to the contention that defendant was denied effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). The sentence is legal and is neither unduly harsh nor severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Oneida County Court, Dwyer, J.—Attempted Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ.