■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MALDONADO, Appellant. [728 NYS2d 129] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered June 8, 1998, convicting defendant, after a jury trial, of attempted murder in the second degree, attempted robbery in the first degree, assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 8 to 16 years, 5 to 10 years, 8 to 16 years and 5 to 10 years, respectively, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification and credibility.

The court properly permitted the People to introduce a composite sketch created by the complainant with the aid of an artist after defendant opened the door to this evidence by creating a misapprehension as to the integrity of the police focus on him as a suspect (*see, People v Melendez*, 55 NY2d 445, 451-452; *People v Lindsay*, 42 NY2d 9, 12; *People v Chang Fe Lin*, 281 AD2d 321). The identification by sketch was essential to give the jury the proper perspective on the police investigation, about which defendant had raised issues. There was a proper foundation for the introduction of the sketch since a detective who testified to having been present while the complainant worked with the artist identified the sketch as the sketch that was created on that occasion. Accordingly, it was not necessary to call the artist in order to authenticate the sketch (*see, People v Johnson*, 279 AD2d 294). The comments of the prosecutor with respect to the sketch during summation do not warrant reversal.

The court properly exercised its discretion in denying defendant's challenges for cause to various prospective jurors. Viewing the responses of each individual prospective juror in question as a whole, we conclude that all of these jurors unequivocally stated that despite the tragedies involving

violence that had occurred in their lives, they could be fair and impartial jurors in this case (*see, People v Johnson*, 94 NY2d 600; *People v Washington*, 254 AD2d 148, *lv denied* 92 NY2d 1040).

The court's reasonable doubt charge conveyed the appropriate legal principles. The language referring to "a doubt for which some reason can be given" did not impose an affirmative obligation to articulate such a reason, and was appropriate (*see, People v Antommarchi*, 80 NY2d 247, 251-253).

The court properly exercised its discretion in declining to declare a mistrial based upon events occurring during jury deliberations, and in each instance the court delivered appropriate instructions (*see, People v Lombardo*, 61 NY2d 97, 103-104; *Matter of Plummer v Rothwax*, 63 NY2d 243; *People v Pagan*, 45 NY2d 725). Concur—Rosenberger, J. P., Tom, Mazzarelli, Wallach and Friedman, JJ.