■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK KOLLAR, Appellant. [730 NYS2d 320] —Judgment, Supreme Court, New York County (Micki Scherer, J. at suppression hearing; George Daniels, J., at jury trial and sentence), rendered April 6, 1998, convicting defendant of murder in the second degree, and sentencing him to 25 years to life, unanimously affirmed.

The hearing court properly denied defendant's motion to suppress his statements made to the police on May 22, 1996. Defendant voluntarily accompanied the detectives to the station to assist in the investigation of the murder, which occurred in the apartment across the hall from his own. He was not restrained in any way. Prior to questioning, he was informed that he was free to leave if he so desired, but he freely chose to stay and answer questions. The questioning was cordial and investigatory, rather than accusatory, and defendant was allowed to leave once the questioning was completed. Under these circumstances, no reasonable person, innocent of any crime, would have believed that he was in custody. Thus, the questioning was not custodial and *Miranda* warnings were not necessary (*People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851). The People were not required to call additional officers to testify regarding the time period defendant waited at the station house for the lead detective to arrive, as the People had met their burden of showing the legality of the police conduct surrounding the questioning, and defendant "presented no bona fide factual predicate which demonstrated that such officers possessed material evidence" (*People v Witherspoon*, 66 NY2d 973, 974).

The court also properly denied defendant's motion to suppress the foot impressions provided by him on August 29, 1996. Although defendant was not expressly told that he was free to refuse, it is clear from all of the circumstances that defendant freely and voluntarily provided the foot impressions without any pressure from the police (*see, People v Gonzalez*, 39 NY2d 122, 128-130).

The court also properly denied defendant's motion to suppress his postarrest statements made to the police on November 12-13, 1996. The record clearly establishes that the police possessed probable cause for defendant's arrest at that time. The police knew, *inter alia*, that defendant had been seen entering the victim's apartment on May 18th, the likely day of the murder, but that defendant had lied to police and stated that he had not seen the victim since May 9th or 10th. There were also blood stains on defendant's apartment door which matched that of the victim, and bloody footprints at the scene of the crime matched the size and unusual shape of defendant's foot. They also had information that defendant may have had a master key to the victim's apartment and that the victim had accused defendant of stealing from her in the past. Under the totality of these circumstances, the police possessed probable cause to arrest defendant (*see, Brinegar v United States*, 338 US 160, 175; *People v Carrasquillo*, 54 NY2d 248, 254).

The trial court properly denied defendant's request for a voluntariness charge regarding his statements to police, since defendant failed to raise a sufficient factual issue at trial concerning the voluntariness of these statements (*People v Cefaro*, 23 NY2d 283; *People v Silvagnoli*, 251 AD2d 76, *lv denied* 92 NY2d 882).

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Sullivan, P. J., Mazzarelli, Ellerin, Wallach and Lerner, JJ.