■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY E. MOYER, Appellant. [738 NYS2d 810] —Appeal from a judgment of Monroe County Court (Geraci, Jr., J.; pretrial motions and first trial, Dattilo, Jr., J.), entered January 5, 2000, convicting defendant after a jury trial of, inter alia, driving while intoxicated.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the motion to suppress is granted in its entirety and a new trial is granted.

Memorandum: On appeal from a judgment convicting him of, inter alia, driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), defendant contends that he was denied his statutory right to a speedy trial and that County Court therefore erred in denying his motion to dismiss the indictment pursuant to CPL 30.30. We disagree. The effectiveness of the order reducing one count of the indictment was stayed for 30 days following the entry of that order (*see,* CPL 210.20 [6]), and thus that 30-day period is not chargeable to the People (*cf., People v Holmes,* 206 AD2d 542, 543).

Defendant further contends that he was improperly retried after the court, sua sponte and over his objection, declared a mistrial during jury selection in the first trial. We conclude that, although the court erred in declaring a mistrial, defendant was not prejudiced by that error and thus reversal and dismissal of the indictment is not required. On the first day of jury selection, the court failed to obtain the requisite waiver of defendant's right to be present during sidebar conferences concerning "the prospective jurors' ability to weigh evidence objectively and to hear testimony impartially" (*People v Antommarchi,* 80 NY2d 247, 250, *rearg denied* 81 NY2d 759). The court obtained a valid written waiver nunc pro tunc on the second day of jury selection, however, and thus a mistrial was not necessary (*see, People v Cook,* 156 Misc 2d 140, 144; *see also, People v Braithwaite,* 198 AD2d 16; *People v Satcher,* 144 AD2d 992, *lv denied* 73 NY2d 896; *cf., People v Finkle,* 262 AD2d 971, 972-973, *appeal dismissed* 94 NY2d 942). We nevertheless conclude that the court's error in declaring a mistrial does not warrant reversal of the judgment and dismissal of the indictment. The court replaced 10 impartial jurors with 10 other impartial jurors, and thus defendant was not prejudiced by the error (*see generally, People v Arnold,* 96 NY2d 358, 362; *People v Culhane,* 33 NY2d 90, 108 n 3, *rearg dismissed sub nom. People v McGivern,* 68 NY2d 910; *People v Hausman,* 285 AD2d 352, 354, *lv denied* 97 NY2d 656). Nor was the retrial barred by double jeopardy. Jeopardy never attached at the first trial because "the entire jury had not been impaneled and sworn at the time of the declaration of the mistrial" (*People v Jenkins,* 135 AD2d 733, 734, *lv dismissed* 71 NY2d 1028, *lv denied* 71 NY2d 1028; *see,* CPL 40.30 [1] [b]; *Matter of Cheatom v Kreindler,* 173 AD2d 703).

We conclude, however, that the court erred in denying that part of the motion of defendant seeking to suppress the statements that he made to police after he received *Miranda* warnings. After defendant was taken into custody but before

he received *Miranda* warnings, he was questioned by one of two police officers escorting him to a waiting patrol vehicle. Defendant's responses to that questioning were inculpatory. Once defendant was inside the patrol vehicle, the second officer administered *Miranda* warnings. The officers and defendant waited at that location for one hour for a police van to arrive. During that one-hour period, defendant slept in the back of the patrol vehicle. When the van arrived, the second officer re-administered *Miranda* warnings and proceeded to interrogate defendant.

The court properly granted that part of defendant's motion seeking to suppress defendant's pre-*Miranda* statements but erred in failing to grant that part of defendant's motion seeking to suppress the post-*Miranda* statements. "When, 'as part of a continuous chain of events,' a defendant is subjected to custodial interrogation without *Miranda* warnings, any statements made in response as well as any additional statements made after the warnings are administered and questioning resumes must be suppressed" (*People v Nova*, 198 AD2d 193, 195, *lv denied* 83 NY2d 808; *see, People v Bethea*, 67 NY2d 364). Where, however, " 'there is such a definite, pronounced break in the interrogation that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning', his statements in answer to renewed questioning after he has received the warnings and waived his constitutional rights may be admitted" (*People v Nova, supra* at 195, quoting *People v Chapple*, 38 NY2d 112, 115). Here, defendant was questioned post-*Miranda* in the same location as the pre-*Miranda* questioning and by an officer who was present during the pre-*Miranda* questioning (*see, People v Jordan*, 190 AD2d 990, 991, *affd* 83 NY2d 785; *see also, People v Champion*, 273 AD2d 899, *lv denied* 96 NY2d 733; *People v Rodriguez*, 188 AD2d 566, 567; *cf., People v Bolus*, 185 AD2d 1007, 1008, *lv denied* 81 NY2d 785). Thus, despite the one-hour interval between pre-*Miranda* and post-*Miranda* questioning, it cannot be said that there was "such a definite, pronounced break" in the interrogation that defendant was returned to the position of one who was not under the influence of the initial improper questioning (*People v Chapple, supra* at 115).

We therefore reverse the judgment of conviction, grant defendant's motion to suppress in its entirety, and grant a new trial on the indictment. Present—Pigott, Jr., P.J., Pine, Scudder, Burns and Gorski, JJ.