■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL L. EVANS, Appellant. [741 NYS2d 811] —Appeal from a judgment of Onondaga County Court (Fahey, J.; suppression hearing, McGuire, J.), entered July 6, 2000, convicting defendant after a jury trial of, inter alia, criminal possession of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the motion to suppress is granted and a new trial is granted.

Memorandum: On appeal from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) and criminal possession of a controlled substance in the seventh degree (§ 220.03), defendant contends that he was denied his constitutional and statutory rights to a speedy trial (*see* CPL 30.20, 30.30). Defendant failed to make a motion in writing and upon reasonable notice to the People, and such "failure to follow the statutory procedure 'results in a waiver of the claim' " (*People v Bernhardt*, 223 AD2d 595, 596, *lv denied* 87 NY2d 1017, quoting *People v Lawrence*, 64 NY2d 200, 203).

We agree with defendant, however, that County Court erred in denying his motion to suppress statements made before and after he received *Miranda* warnings. At the *Huntley* hearing, a police officer testified that he stopped a vehicle in which defendant was the front-seat passenger after the driver of the vehicle made an illegal turn. When the driver could not produce either a registration card or an insurance card, the officer walked to the passenger side of the vehicle to speak to defendant. The officer observed a small package consistent in appearance with illegal narcotics on the ground directly beneath defendant's window. The officer called for backup and, upon the arrival of

other officers, the three occupants of the vehicle were removed from the vehicle, handcuffed and placed in the back seats of separate police vehicles. The officer who stopped the vehicle testified that, until he "investigated the situation further, none of them w[as] free to go." The officer retrieved the package, which tested positive for cocaine in a field test. The officer asked each of the occupants "whose cocaine it was" and informed defendant that, if the investigation revealed that the drugs were from the car, each of the occupants could be arrested. After defendant admitted ownership of the package, the officer gave defendant *Miranda* warnings and took a formal written statement.

The suppression court found following the hearing that "[n]o statements were taken from any individuals prior to administration of the *Miranda* warnings to determine the ownership of the envelope." Although the People correctly concede that the court's finding is not supported by the record, they contend that *Miranda* warnings were not required because defendant was not in custody when he made the initial admission and the admission was made in response to questions intended merely to clarify the situation. We conclude that defendant was in custody when he was handcuffed and placed in the back seat of the police vehicle (*see People v Brown,* 195 AD2d 1055, 1055, *lv denied* 82 NY2d 848; *see also People v Rifkin,* 289 AD2d 262; *see generally People v Yukl,* 25 NY2d 585, 589, *rearg denied* 26 NY2d 845, *cert denied* 400 US 851) and that defendant's initial admission was made in response to questions "aimed at eliciting an incriminating statement" (*People v Fernandez,* 207 AD2d 663, 663, *lv denied* 84 NY2d 935; *see Rifkin,* 289 AD2d at 263; *see also Brown,* 195 AD2d at 1055). Thus, defendant's initial admission preceding the *Miranda* warnings was the product of custodial interrogation and must be suppressed (*see Rifkin,* 289 AD2d at 263; *Brown,* 195 AD2d at 1055). "Moreover, since there was no definite, pronounced break between the [admission] which preceded *Miranda* warnings" and the formal written statement made by defendant, the written statement must be suppressed as well (*Rifkin,* 289 AD2d at 263; *see People v Bethea,* 67 NY2d 364, 367-368; *People v Chapple,* 38 NY2d 112, 114-115).

Based on our determination, we do not address defendant's remaining contention. Present—Pine, J.P., Hurlbutt, Burns, Gorski and Lawton, JJ.