■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIGFRIDO PENA, Appellant. [751 NYS2d 474] —Judgment, Supreme Court, Bronx County (Martin Marcus, J., at suppression hearing; Gerald Sheindlin, J., at nonjury trial and sentence), rendered June 26, 1998, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him to a term of 2 to 6 years, unanimously affirmed.

The hearing court properly denied defendant's motion to suppress his written and videotaped confessions. Although the court suppressed a pistol that had been recovered from defendant's place of work, the court correctly determined that defendant's statements were not products of the unlawful search and seizure. At the time defendant was questioned, he was not in custody for possession of the pistol or any other charge. Instead, defendant voluntarily accompanied the detectives to the station to assist in an investigation of a robbery of the store where he worked, to which crime he was a witness. While at the precinct, he was treated as a victim/witness, and not as a suspect in any crime. He was not restrained in any way, and was left alone for an extended period in an unlocked room. Under these circumstances, no reasonable person, innocent of any crime, would have believed that he was in custody (*see People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851; *People v Kollar*, 286 AD2d 630, *lv denied* 97 NY2d 730). Furthermore, defendant's statements could not have resulted from the fact that the interrogating officer showed him the unlawfully seized pistol, since it was defendant who first referred to the pistol, prior to the officer mentioning or displaying it.

Defendant's contention that the court improperly denied his motion to suppress identification evidence is moot since the identifying witness at issue did not testify at trial. We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Buckley, Friedman, Marlow and Gonzalez, JJ.