■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS POVENTUD, Appellant. [752 NYS2d 654] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J., at hearing; Alexander Hunter, J., at jury trial and sentence), rendered June 30, 1998, convicting defendant of attempted murder in the second degree, attempted robbery in the first degree, assault in the first degree, and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 10 to 20 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Probable cause to arrest defendant was established by the totality of the chain of information which linked defendant to the crime (*see People v Bigelow*, 66 NY2d 417, 423), including information from a witness who placed him in close temporal and spatial proximity to the crime, and the wallet belonging to defendant's incarcerated brother that was found in the victim's taxicab. In any event, were we to find the arrest to be illegal, we would find no basis for reversal. The only product of the arrest was a photographic identification that was introduced at trial by the defense and not the prosecution; the lineup which occurred two weeks after defendant's arrest was completely attenuated from that arrest; and the hearing court's finding that the victim had an independent source for his in-court identification is amply supported by the record. Defendant's claims

concerning a lineup identification by a witness who did not testify at trial, including his right to counsel claim, are moot.

Defendant's remaining claims are similar to claims rejected by this Court on the codefendant's appeal (*People v Maldonado*, 283 AD2d 282, *revd on other grounds* 97 NY2d 522), and there is no basis for reaching a different result herein. Concur—Williams, P.J., Mazzarelli, Buckley, Friedman and Marlow, JJ.