THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVE DESOUZA, Appellant. [787 NYS2d 566]—

Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered August 19, 2003. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [2]) and burglary in the first degree (§ 140.30 [4]). We reject the contention of defendant that County Court erred in determining that the police had probable cause to arrest him. The record of the suppression hearing establishes that four young black men, wearing dark jackets, baggy pants and bandanas over their faces, entered an apartment at 1:00 A.M. carrying what were described as shotguns, and took money from the victim. The victim advised the 911 operator that the men entered an older white Chevrolet Blazer with red or blue trim after leaving her apartment. Within minutes of the call, police observed an older white Blazer with red trim and followed the vehicle. The vehicle turned onto a side street from Route 104 and police thereafter observed the empty two-door vehicle parked in a driveway with the engine still running, the doors open and the front seats pushed forward. Police heard people running in the rain-soaked woods and a codefendant was apprehended nearby. As a result of an inventory search of the vehicle, a jacket containing a wallet with defendant's identification and pay stubs was recovered. At approximately 9:00 A.M. the next day, while en route to a store in response to a call that two of the suspects may have been at the store, police observed defendant, who matched the general description of the robbery suspects, using a telephone outside a gas station. Upon closer observation, the police determined that defendant resembled the picture of the person on the identification recovered in the abandoned vehicle. Police thereafter asked defendant his name. When defendant gave the name that appeared on the identification and the pay stubs, he was taken into custody.

Based upon the wet and dirty appearance of defendant, his clothing that matched the general description of the clothing worn by the robbery suspects, and his resemblance to the photograph recovered in the abandoned vehicle, we conclude that the police "had a founded suspicion and thus properly invoked [their] common-law right of inquiry, entitling [them] to 'interfere with [defendant] to the extent necessary to gain explanatory information, but short of a forcible seizure' " (*People*

*v Ralston*, 303 AD2d 1014, 1014 [2003], *lv denied* 100 NY2d 565 [2003]). When defendant provided his name, the police thereafter acquired probable cause for arrest (*see id.*). Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.