■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD CONNER, Appellant. [789 NYS2d 377]—

Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered August 19, 2003. The judgment convicted defendant, after a nonjury trial, of robbery in the first degree (two counts) and burglary in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment, following a nonjury trial, convicting him of two counts of robbery in the first degree (Penal Law § 160.15 [2], [4]) and two counts of burglary in the first degree (§ 140.30 [1], [4]) in connection with a home invasion robbery. Contrary to the contention of defendant, County Court properly determined that there was probable cause for his arrest. Defendant was apprehended shortly after the crimes were committed, near a white Chevrolet Blazer that police followed based upon the description of the vehicle by the victim; the Blazer was found abandoned in a driveway with the engine still running and the doors open. Defendant fit the general description of the perpetrators and, after hearing people running in the rain-soaked woods, the police observed that defendant's pants and boots were wet. Thus, the detention of defendant by police was justified by reasonable suspicion to believe that defendant was involved in the crime that had been committed (*see People v Roque*, 99 NY2d 50, 54 [2002]), and his subsequent arrest was based upon probable cause (*see People v Desouza*, 13 AD3d 1123 [2004]). We therefore further conclude that the court properly denied defendant's motion seeking to suppress evidence seized from defendant incident to the arrest (*see People v Isidro*, 6 AD3d 1234, 1234-1235 [2004], *lv denied* 3 NY3d 659 [2004]).

The court properly determined that the showup identification by the victim was "confirmatory in nature." The ability of the victim to view defendant while he was in her apartment and her familiarity with him as a person she saw in the village where she lived were "sufficient to provide [her] with a basis independent of the showup identification to identify defendant in court" as one of the perpetrators of the robbery (*People v Burroughs*, 11 AD3d 1028, 1029 [2004]).

We also reject defendant's contention that the verdict is

against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We have reviewed the contentions contained in defendant's pro se supplemental brief and conclude that they are without merit. The sentence is not unduly harsh or severe. Present—Green, J.P., Hurlbutt, Scudder, Lawton and Hayes, JJ.