THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER HAMILTON, Appellant. [793 NYS2d 653]—

Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered August 19, 2003. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the

plea is vacated, that part of the motion seeking to suppress the statements is granted in its entirety, and the matter is remitted to Wayne County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him, upon an *Alford* plea, of robbery in the first degree (Penal Law § 160.15 [2]) and burglary in the first degree (§ 140.30 [4]) in connection with a home invasion robbery. Contrary to the contention of defendant, County Court properly determined that there was probable cause for his arrest. The police followed a vehicle matching the description of the vehicle in which the suspects had left the scene of the crimes. When they located the vehicle, it had been abandoned with its engine still running. Inside the vehicle, they found, inter alia, a wallet containing pay stubs and an identification document with a photograph. A codefendant was apprehended in proximity to that vehicle within a brief time after commission of the crimes (*People v Conner*, 15 AD3d 843 [2005]).

The home invasion robbery occurred at approximately 1:00 A.M. and, at approximately 8:30 A.M., the police received a report that two men fitting the general description of the suspects were at a grocery store looking for a ride to Rochester because their vehicle had broken down. While en route to the grocery store, the police observed a person using a pay telephone outside a convenience store. His clothing matched the victim's general description of the clothing worn by the suspects. In addition, he resembled the photograph on the identification document recovered from the abandoned vehicle and, when the police asked his name, the name he gave matched that on the identification document and the pay stubs that were found in the vehicle (*see People v Desouza*, 13 AD3d 1123 [2004]). Defendant was inside the convenience store, and his clothing also matched the victim's general description of the clothing worn by the suspects. Based on the foregoing facts, the police had an objective reason to approach defendant to request information (*see People v De Bour*, 40 NY2d 210, 223 [1976]). When the police observed the wet and dirty condition of defendant's clothing, the permissible level of inquiry escalated to the common-law right to inquire inasmuch as the clothing of the codefendant using the pay telephone was in a similar condition, and the same police officers had heard people running through the rain-soaked woods when they discovered the abandoned vehicle (*see id.*). When the police asked defendant whether he was with anyone, defendant replied, "the guy outside," and the police reasonably inferred that defendant was referring to the codefen-

dant using the pay telephone just outside the convenience store. Furthermore, the store clerk advised the police that defendant was looking for a ride to Rochester. "Viewed singly, these [facts and circumstances] may not be persuasive, yet when viewed together[,] the puzzle may fit and probable cause [may be] found" (*People v Bigelow*, 66 NY2d 417, 423 [1985]; *see People v Poventud*, 300 AD2d 223 [2002], *lv denied* 1 NY3d 578 [2003]).

We agree with defendant, however, that the court erred in denying that part of his motion seeking to suppress the two written statements he gave after receiving *Miranda* warnings. The court granted that part of defendant's motion seeking to suppress oral statements defendant made while in custody before receiving *Miranda* warnings, and the first of the two written statements reduced those oral statements to writing. Although defendant did not admit culpability in the oral statements or the first written statement, he admitted that he was with one codefendant at the apartment at the time the crimes occurred, and he claimed to have been a victim. Defendant gave the second written statement after a break of 10 to 15 minutes, admitting that he participated in the crimes. We conclude that the written statements were given in "a single continuous chain of events" and therefore must be suppressed (*People v Chapple*, 38 NY2d 112, 114 [1975]; *see People v Bethea*, 67 NY2d 364, 367-368 [1986]; *People v Evans*, 294 AD2d 918, 919 [2002], *lv dismissed* 98 NY2d 768 [2002]; *People v Moyer*, 292 AD2d 793, 794-795 [2002]; *cf. People v Paulman*, 11 AD3d 878 [2004], *lv granted* 3 NY3d 759 [2004]). "[T]he mandate of NY Constitution, article I, § 6 that '[n]o person . . . shall . . . be compelled in any criminal case to be a witness against himself' would have little deterrent effect if the police know that they can as part of a continuous chain of events question a suspect in custody without [*Miranda*] warning[s], provided only [that] they thereafter question him or her again after warnings have been given" (*Bethea*, 67 NY2d at 366). We therefore reverse the judgment, vacate the *Alford* plea, grant that part of defendant's motion seeking to suppress the statements in its entirety and remit the matter to County Court for further proceedings on the indictment. Present—Green, J.P., Scudder, Gorski, Pine and Lawton, JJ.