10-1369-pr (L)
Conner v. Poole

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of October, two thousand eleven.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
                *Circuit Judges*,
           RICHARD K. EATON,
                *Judge*.*

-----------------------------------------------------------------------

LEONARD CONNER,
           *Petitioner-Appellant*,

v.                                              Nos. 10-1369-pr (L),
                                                     10-2060-pr (CON)
THOMAS POOLE, Superintendent,                        11-1865-pr (CON)

           *Respondent-Appellee*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        SALLY WASSERMAN, Esq., New York, New York.

APPEARING FOR APPELLEE:         HANNAH STITH LONG, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, *on the*

---

* Judge Richard K. Eaton of the United States Court of International Trade, sitting by designation.

*brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment entered on March 31, 2010, is AFFIRMED.

Leonard Conner appeals from the denial of his petition for a writ of habeas corpus, see 28 U.S.C. § 2254, which challenged his New York conviction for first-degree robbery and burglary on various grounds including due process insofar as an in-court identification was purportedly tainted by a suggestive pre-trial show-up procedure. See Simmons v. United States, 390 U.S. 377, 384-86 (1968); Stovall v. Denno, 388 U.S. 293, 301-02 (1967), overruled on other grounds, Griffith v. Kentucky, 479 U.S. 314 (1987). We granted a certificate of appealability to consider the merits of this challenge and any jurisdictional issues Conner might raise. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Standard of Review

We review the denial of a habeas corpus petition de novo. See Wood v. Ercole, 644 F.3d 83, 90 (2d Cir. 2011). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), however, precludes habeas relief based on a claim adjudicated on the merits in state court unless the state court decision was either (1) "contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent; or (2) "based on

2

an unreasonable determination of the facts." 28 U.S.C. § 2254(d); see Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Although the district court denied Conner's trial identification claim as procedurally defaulted, see Conner v. Poole, No. 07-CV-6230 (MAT), 2010 WL 1404671, at *7 (W.D.N.Y. Mar. 30, 2010), we conclude – and the parties now agree – that the state court adjudicated the claim on the merits and that Conner properly exhausted his state remedies, see People v. Conner, 15 A.D.3d 843, 844, 789 N.Y.S.2d 377, 377 (4th Dep't 2005); People v. Conner, 4 N.Y.3d 885, 798 N.Y.S.2d 730 (2005).[1] When we review Conner's claim under AEDPA's deferential standards, we conclude that it lacks merit. See Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 405 (2d Cir. 2006) ("[W]e are free to affirm a decision on any grounds supported in the record . . . ."); see also Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992).

2.    Identification Claim

Conner submits that his conviction was obtained in violation of due process because a witness's trial identification of him as one of the burglars was tainted by a suggestive pre-trial show-up procedure in which the witness identified Conner as he sat handcuffed in the back of a police car. See Simmons v. United States, 390 U.S. at 384; Stovall v. Denno, 388 U.S. at 301-02; see also Manson v. Brathwaite, 432 U.S. 98, 114 (1977) (identifying "reliability" as "linchpin in determining the admissibility of identification testimony"). We

---

[1] The state court records that respondent filed with the district court did not include Conner's counseled leave application to the New York Court of Appeals raising his challenge to the in-court identification. This appears to have misled the district court into thinking that Conner's claim was procedurally defaulted.

are not persuaded. Even assuming that the show-up procedure was unduly suggestive, the state court reasonably determined from the totality of the circumstances that the eyewitness had a sufficient independent basis for making a reliable trial identification. See Neil v. Biggers, 409 U.S. 188, 199-200 (1972) (identifying factors relevant to totality of circumstances inquiry as (1) witness's opportunity to view criminal during crime, (2) witness's degree of attention, (3) accuracy of prior descriptions of perpetrator, (4) witness's level of certainty at time of confrontation, and (5) length of time between crime and confrontation); accord Brisco v. Ercole, 565 F.3d 80, 88-89, 92-95 (2d Cir. 2009) (concluding that state court had not unreasonably applied clearly established federal law because out-of-court identification was independently reliable under totality of circumstances inquiry).

Although the witness, whose attentiveness during the crime is not seriously questioned, understandably focused on the gun one burglar wielded, she nevertheless had ample opportunity to view the men who invaded her home over the course of five minutes, and spent part of that time in her well-lit bedroom. See United States v. Finley, 245 F.3d 199, 203-04 (2d Cir. 2001) (concluding identification reliable when witness viewed perpetrator in well-lit area). The witness could view the face of the burglar later identified as Conner from the nose to the hairline despite his wearing a hooded sweatshirt. Moreover, the witness recognized Conner during the crime as a person she had observed in her town about five times within the past two years. See 2 Wayne R. LaFave et al., Criminal Procedure § 7.4(c) (3d ed. 2010) (noting that witness's "prior knowledge" of "perpetrator's

4

identity" may support reliability finding). The witness explained that she was hysterical when she told the 911 operators that she did not know the identities of the burglars. Further, the witness told a responding officer that she thought one of the burglars was named "Leonard" even before the show-up procedure. Finally, although the witness did not initially provide a detailed description of the burglars, she was certain of her identification of Conner at the show-up, which occurred only forty-five minutes after the burglary. Based on this record, the state court reasonably determined that the witness had an independent basis for making a reliable trial identification. There is no merit to the argument that this constituted an unreasonable application of clearly established Supreme Court precedent.[2]

3.     Conclusion

We have considered Conner's other arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] Although we need not rely on harmless error to affirm, we note strong record support for respondent's argument that the other evidence adduced at the bench trial inculpating Conner in the burglary was overwhelming. Conner's belongings were found in the car containing the witness's stolen handbag and weapons matching the description of those used during the crime. The police found Conner close to where the car had been abandoned wearing only a tee-shirt in cold weather and with mud and water on his clothes. A hooded sweatshirt matching the description of the one worn by the robber was found in the muddy woods, along with latex gloves missing fingertips. Conner had a cut latex glove fingertip in his pocket when he was arrested. Finally, a fellow inmate testified to Conner detailing an armed robbery he committed in which he failed to remove from a vehicle documents identifying him.