# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

388
KA 08-00143
PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

BRIAN T. SMITH, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

BRIAN T. SMITH, DEFENDANT-APPELLANT PRO SE.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered November 2, 2007. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the sentences imposed shall run concurrently and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [former (2)]). We agree with defendant that the sentence imposed for criminal possession of a weapon in the second degree must run concurrently with the sentence imposed for manslaughter in the first degree, and we therefore modify the judgment accordingly (*see People v Green*, 72 AD3d 1601, 1601).

We otherwise affirm the judgment. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), and affording appropriate deference to the jury's credibility determinations (*see People v Hill*, 74 AD3d 1782, 1782-1783, *lv denied* 15 NY3d 805), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant contends in his pro se supplemental brief that he was denied effective assistance of counsel. We reject that contention inasmuch as defendant failed to establish the absence of a strategic or other legitimate explanation for defense counsel's alleged shortcomings (*see generally People v Benevento*, 91

NY2d 708, 712-713).  Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).  The further contention of defendant in his pro se supplemental brief that County Court erred in issuing a protective order concealing the identity of a witness is moot because that witness never testified at trial (*see People v Poventud*, 300 AD2d 223, 223-224, *lv denied* 1 NY3d 578; *People v Pena*, 300 AD2d 132).  In any event, defendant failed to provide a factual record sufficient to permit us to review his contention (*see generally People v Kinchen*, 60 NY2d 772, 773-774).

The remaining contention of defendant in his main brief is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We have reviewed defendant's remaining contention in his pro se supplemental brief and conclude that it is lacking in merit.

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court