# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

510

KA 12-00100

PRESENT: CENTRA, J.P., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

KENNEDY D. WALKER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered November 9, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of defendant's omnibus motion seeking to suppress his statements to the police is granted in its entirety, and the matter is remitted to Monroe County Court for further proceedings.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in denying that part of his omnibus motion seeking to suppress the statements that he made to the police after he received *Miranda* warnings. The testimony at the suppression hearing established that two police officers discovered defendant and a companion smoking marijuana in a parked vehicle. After exiting the vehicle at the request of the police, defendant consented to a search of the vehicle. The first officer discovered a gun in the glove box, handcuffed defendant, and proceeded to secure the gun. While escorting defendant toward a police car, the second officer asked defendant who owned the gun, and defendant responded by inculpating himself. Defendant sat in the back of the police car for less than 10 minutes before the first officer entered the car, provided *Miranda* warnings, and obtained a statement that was reduced to writing in which defendant again claimed ownership of the gun.

We conclude that the court properly granted that part of defendant's motion seeking to suppress his pre-*Miranda* statements, but erred in denying that part of the motion seeking to suppress the post-

*Miranda* statements.  It is undisputed that defendant was in custody when he was handcuffed by the first officer and then escorted by the second officer to be placed in the police car (*see People v Evans*, 294 AD2d 918, 919, *lv dismissed* 98 NY2d 768; *People v Sanchez*, 280 AD2d 891, 891, *lv denied* 96 NY2d 806; *see generally People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851), and that defendant was subjected to pre-*Miranda* interrogation because his initial admission was made in response to a question by the second officer regarding ownership of the gun that was " 'reasonably likely to elicit an incriminating response' " (*People v Brown*, 52 AD3d 1175, 1176, *lv denied* 11 NY3d 923, quoting *Rhode Island v Innis*, 446 US 291, 301; *see People v Flowers*, 59 AD3d 1141, 1143; *see generally People v Ferro*, 63 NY2d 316, 321, *cert denied* 472 US 1007).  "When, as part of a continuous chain of events, a defendant is subjected to custodial interrogation without *Miranda* warnings, any statements made in response as well as any additional statements made after the warnings are administered and questioning resumes must be suppressed" (*People v Moyer*, 292 AD2d 793, 795 [internal quotation marks omitted]; *see People v Paulman*, 5 NY3d 122, 130-131; *People v Bethea*, 67 NY2d 364, 367-368; *People v Chapple*, 38 NY2d 112, 114-115).  Where, however, "there is such a definite, pronounced break in the interrogation that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning," his or her statements in response to renewed questioning after he or she has received *Miranda* warnings and waived his or her constitutional rights may be admitted (*Chapple*, 38 NY2d at 115; *see Moyer*, 292 AD2d at 795).  Here, the initial questioning by the second officer, although brief, produced an inculpatory statement directly related to the instant crime (*cf. People v White*, 10 NY3d 286, 291-292, *cert denied* 555 US 897; *People v Smith*, 275 AD2d 951, 952, *lv denied* 96 NY2d 739), and the second interrogation, which produced another inculpatory statement, occurred less than 10 minutes later and in the same location (*see Moyer*, 292 AD2d at 795).  Moreover, contrary to the People's contention, the record does not establish that "a reasonable suspect in defendant's position would have perceived a marked change in the tenor of his engagement with [the] police" (*Paulman*, 5 NY3d at 131; *see Bethea*, 67 NY2d at 367-368).  We thus conclude that "it cannot be said that there was 'such a definite, pronounced break' in the interrogation that defendant was returned to the position of one who was not under the influence of the initial improper questioning" (*Moyer*, 292 AD2d at 795, quoting *Chapple*, 38 NY2d at 115; *see Evans*, 294 AD2d at 919).

Entered:  June 19, 2015                          Frances E. Cafarell
                                                 Clerk of the Court