People v Tyler (2022 NY Slip Op 00611)





People v Tyler


2022 NY Slip Op 00611


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


1168 KA 19-00992

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY TYLER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered May 24, 2017. The judgment convicted defendant upon a nonjury verdict of robbery in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of robbery in the third degree (Penal Law
§ 160.05). We reject the contention of defendant that County Court erred in refusing to suppress identification evidence on the ground of an unlawful arrest. The victim reported that he had been robbed at gunpoint outside a liquor store and provided the police a description of the suspect. In addition, the police viewed surveillance video, which, although it did not depict the actual robbery, showed a man following the victim as he left the store. The vehicle used by the suspect was also depicted in the surveillance video. Approximately 26 hours later, the police found a vehicle matching the description of the one used by the suspect parked on a street approximately one mile from the robbery. The police pulled alongside the vehicle and an officer, while speaking to the driver, observed a man, later identified as defendant, sitting in the passenger seat. Defendant matched the description of the suspect as given by the victim and appeared to be the same man as shown on the videotape. Defendant was also wearing the same jacket as shown on the videotape. Contrary to the contention of defendant, we conclude that the police had probable cause to arrest him (see People v Jean, 176 AD3d 585, 586 [1st Dept 2019], lv denied 34 NY3d 1129 [2020]; People v Jackson, 168 AD3d 473, 473-474 [1st Dept 2019], lv denied 33 NY3d 977 [2019]; People v Hamilton, 17 AD3d 1052, 1053-1054 [4th Dept 2005]).
We reject defendant's contention that the evidence is legally insufficient to establish that he robbed the victim. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is " 'a valid line of reasoning and permissible inferences from which a [factfinder] could have found the elements of the crime proved beyond a reasonable doubt' " (People v Danielson, 9 NY3d 342, 349 [2007]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We further conclude, after viewing the evidence in light of the elements of the crime in this nonjury trial (see Danielson, 9 NY3d at 349), that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that none requires reversal or modification of the judgment.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court