■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SETON BAMFIELD, Appellant. [618 NYS2d 64] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered December 17, 1992, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in discharging a sworn juror as grossly unqualified (CPL 270.35). The record reveals that at the end of the People's case, a juror informed the court that she was distracted by the similarity between the victim's name, Charles Staten, and the name of the publishing company, Charles A. Stratton Company, printed on a wall calendar across from the jury box. The court, in the presence of the attorneys, conducted an inquiry during which the juror stated that the name on the calendar annoyed and bothered her and would distract her during the rest of the trial. Even after the court explained to her that the calendar had been there all year and that the two names were not the same, the juror still felt that it would distract her and asked the court to remove it. Over defense counsel's objection, the court excused the juror.

A determination that a juror is grossly unqualified requires a "probing and tactful inquiry" into the "unique facts" of each case, and the trial court must "carefully consider the juror's answers and demeanor to ascertain whether her state of mind will affect her deliberations" (People v Buford, 69 NY2d 290, 299; see also, People v Rodriguez, 71 NY2d 214, 219). Great deference is generally accorded to the trial court's findings (see, People v Rodriguez, supra).

Here the court, after making the appropriate inquiry, concluded that the juror was "indeed weird" and suggested that she had emotional problems if she allowed a name on a calendar, which only sounded similar to the witness' name, to distract her. In the court's opinion, the juror viewed the calendar as something put up by the court or one of the attorneys "to distract her, in some way to intimidate, to impress or to guide her". Finding that the juror's manner and demeanor cast doubt on her ability to be a fair and impartial juror, the court concluded that she was grossly unqualified.

We find that the trial court did not improvidently exercise its discretion as it was in the best position to assess whether the juror's odd preoccupation with the name on the calendar would interfere with her ability to function as a juror. Balletta, J. P., O'Brien, Copertino and Florio, JJ., concur.