■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY W. STEVENS, Appellant. [636 NYS2d 828] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered July 29, 1994, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant stated at the *Huntley* hearing that his statements to the police were the product of coercion and that he was not advised of his *Miranda* rights. His testimony, however, was contradicted by that of the investigating detectives. The two distinctly different versions of the events surrounding the defendant's statements created an issue of credibility for the hearing court, whose findings we will not disturb unless they are clearly unsupported by the record (*see, People v Prochilo*, 41 NY2d 759, 761; *People v Washington*, 182 AD2d 791; *People v Gonzalez*, 179 AD2d 775). The hearing record indicates that the defendant effectively waived his rights and voluntarily gave the statements at issue. The defendant's claim of coercion was weakened by his own contradictory statements, by photographs, and by his failure to complain to the authorities (*see, People v Diaz*, 177 AD2d 500, 503). His claim that he had never seen a rights waiver form was contradicted by the prior waiver forms that were executed by him on several of his previous convictions.

The defendant erroneously contends that he was prejudiced by the possibility that the jurors could have read a newspaper article about his case which was published during the trial. A

sworn juror cannot be discharged based on speculation. Rather, the court must be convinced, after a probing and tactful inquiry, that the juror would be unable to deliberate fairly and render an impartial verdict (*see, People v Cargill*, 70 NY2d 687, 689). The court's conclusion that none of the five jurors who were exposed to the newspaper article read it was supported by the inquiry and we accord the court's finding great deference (*see, People v Bamfield*, 208 AD2d 853).

The defendant's remaining contentions are meritless. Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.