■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RICHTER, Appellant. [637 NYS2d 206] —Appeal by the defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered June 1, 1994, convicting him of murder in the second degree, upon a jury verdict, sentencing him to an indeterminate term of 25 years to life imprisonment and directing him to pay a mandatory surcharge in the sum of $150 and restitution in the sum of $2,000. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress oral and written statements given by the defendant to law enforcement officials.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof directing the payments of a mandatory surcharge in the sum of $150 and restitution in the sum of $2,000; as so modified, the judgment is affirmed, and the

matter is remitted to the County Court, Putnam County, for a hearing and new determination concerning the proper amount of restitution and the manner of payment thereof.

We find no basis to disturb the hearing court's determination that the defendant's oral and written statements to the police were voluntary, that the defendant never verbalized to investigators his desire for the assistance of counsel, that he freely and voluntarily waived his right to remain silent and his right to counsel, and that he consented to the polygraph examination (*see, People v Prochilo*, 41 NY2d 759; *People v Tarsia*, 50 NY2d 1, 11; *People v Deskovic*, 201 AD2d 579, 580; *People v Fisch*, 175 AD2d 926, 927; *People v Glasper*, 160 AD2d 723; *People v Henry*, 132 AD2d 673, 675; *People v Clow*, 62 AD2d 880, 883).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant's sentence is neither harsh nor excessive (*see, People v Suitte*, 90 AD2d 80). Nonetheless, the imposition of both a mandatory surcharge in the sum of $150 and restitution in the sum of $2,000 was improper (*see*, Penal Law § 60.35 [1]; *People v Bailey*, 209 AD2d 709; *People v Burton*, 194 AD2d 683, 684; *People v Turco*, 130 AD2d 785, 786). Furthermore, since the award of restitution was apparently based upon a claim filed by the victim's father with the Crime Assistance Board, but the basis of the claim is not in the record, the matter is remitted to the County Court for a hearing on this issue (*see*, Penal Law § 60.27 [2]; *People v Spry*, 214 AD2d 771; *People v Vella*, 176 AD2d 768; *People v Kirkwood*, 165 AD2d 881, 882; *People v Dixon*, 134 AD2d 877).

The defendant's remaining contentions are either unpreserved for appellate review (*see*, CPL 470.05 [2]), without merit, or do not warrant reversal in light of the overwhelming evidence of his guilt (*see, People v Crimmins*, 36 NY2d 230). Rosenblatt, J. P., O'Brien, Pizzuto and Goldstein, JJ., concur.