■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY WILLIAMS, Appellant. [641 NYS2d 855] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered February 25, 1993, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to the police.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in denying that branch of his omnibus motion which was to suppress statements he made to the police. We disagree. The findings of the hearing court are to be accorded great deference and should not be disturbed on appeal unless they are clearly erroneous (*see, People v Prochilo,* 41 NY2d 759, 761; *People v Marino,* 212 AD2d 735; *see also, People v Richter,* 223 AD2d 734; *People v*

*Stevens,* 223 AD2d 609). The hearing court credited a detective's testimony that he gave the defendant his *Miranda* warnings before interviewing him and that no coercion was used in taking the defendant's statements. The defendant declined to avail himself of the opportunity to subpoena the other officers who were present at the interviews in an attempt to corroborate his version of the events. Furthermore, the defendant's concessions that the statement he gave to the police was "basically" the same as the one he later gave to the prosecutor, and that the statement was "the truth", lend credibility to the detective's account of the events.

The defendant has not preserved for appellate review his contention that the People failed to prove his guilt beyond a reasonable doubt (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant confessed that he and his accomplices planned to rob two men who together were closing a store. The defendant and an accomplice were "assigned" to rob one of the men while two other accomplices were to rob the deceased victim. The testimony of the surviving victim that the defendant and an accomplice robbed him while the other two accomplices robbed the deceased victim corroborated the defendant's confession. The testimony of the defendant that he heard a shot from the location in which the other accomplices were robbing the deceased victim was consistent with the accounts of three disinterested eyewitnesses to the murder and was further corroborated by the police, ballistic evidence, and medical evidence.

Contrary to the defendant's contention, the minor discrepancies in the testimony of the eyewitnesses regarding the events and the perpetrators' appearances did not render their testimony unworthy of belief (*see, People v Tam Phan,* 225 AD2d 715; *People v White,* 192 AD2d 736, 737; *People v Hunt,* 177 AD2d 649, 650). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]) or without merit (*see, People v Stevens,* 76 NY2d 833; *People v Lashley,* 222 AD2d 609; *People v Coleman,* 195 AD2d 475, 476). Thompson, J. P., Joy, Krausman and Florio, JJ., concur.