■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENTON THORPE, Appellant. [654 NYS2d 659] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered August 8, 1994, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the trial court improperly impeded his ability to present his justification defense by curtailing his cross-examination of a prosecution witness. Although a criminal defendant is guaranteed the right to confront all adverse witnesses through cross-examination (*see, Delaware v Van Arsdall*, 475 US 673; *Davis v Alaska*, 415 US 308), that right is not unlimited (*see, People v Stanard*, 42 NY2d 74, 83, *cert denied* 434 US 986; *People v Martinez*, 177 AD2d 600). A trial court has broad discretion to limit cross-examination when questions are of no relevance to the case or concern issues collateral to the main issue in the case and pose a danger of misleading the jury (*see, People v McGriff*, 201 AD2d 672, 673). Here, the trial court properly exercised its broad discretion in limiting the defendant's intended inquiry into an irrelevant issue that had no bearing on any material fact or question before the jury (*see, People v Weinberg*, 213 AD2d 506; *People v McGriff, supra*, at 673; *People v Ashner*, 190 AD2d 238, 246; *cf., People v Levy*, 186 AD2d 66, 67). Rosenblatt, J. P., Pizzuto, Altman and Luciano, JJ., concur.