■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY JONES, Appellant. [696 NYS2d 38] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered September 3, 1997, convicting defendant, after a jury trial, of one count of robbery in the first degree and two counts of robbery in the second degree, and sentencing him to three concurrent terms of 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility. There was ample evidence of asportation to support a completed robbery, in that the complainant's wallet was completely removed

from his pocket, notwithstanding that the complainant immediately took his wallet back (*see*, *Harrison v People*, 50 NY 518). Furthermore, there was ample objective and subjective evidence supporting the element of physical injury (Penal Law § 10.00 [9]), as required for defendant's second-degree robbery conviction pursuant to Penal Law § 160.10 (2) (a) (*see*, *People v Guidice*, 83 NY2d 630, 636).

Defendant's contention that the trial court was required to charge the jury on attempted robbery as a lesser included offense is unpreserved and we decline to review it in the interest of justice. Even were we to find that the court, in expressing an opinion that such a submission would be inappropriate, made a final ruling on the subject (*see*, CPL 470.05 [2]), we would find such ruling to be correct since the asportation was clearly established and thus there was no reasonable view of the evidence that the defendant had only committed an attempted robbery, rather than a robbery. It is of no consequence that the complainant and police officers, evidently unfamiliar with the principle of asportation, repeatedly characterized this unsuccessful robbery as an attempt.

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.