■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MARTINEZ, Appellant. [714 NYS2d 129] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered June 23, 1998, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminally using drug paraphernalia in the second degree (two counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's claim that the hearing court erred in denying that branch of his motion which was to suppress statements he made to the police because he did not understand the *Miranda* warnings (*see, Miranda v Arizona,* 384 US 436) and therefore did not speak voluntarily is without merit. A review of the totality of the circumstances establishes that the defendant's statements while in police custody were made voluntarily (*see, People v Huntley,* 15 NY2d 72; *People v Malik,* 265· AD2d 577), and the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress those statements.

Contrary to the defendant's contention, the court properly restricted cross-examination regarding collateral matters (*see, People v Thorpe,* 236 AD2d 641; *People v Heung K. Sul,* 234 AD2d 563). Furthermore, the granting of an adverse inference charge was a proper sanction where the People were unable to produce the card on which the defendant acknowledged that he had received the *Miranda* warnings (*see, People v Fullwood,* 254 AD2d 431).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those

raised in his supplemental *pro se* brief, are without merit. Bracken, J. P., Thompson, S. Miller and Florio, JJ., concur.