■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK LIVIGNI, Appellant. [732 NYS2d 875] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered February 5, 1999, convicting him of robbery in the third degree, grand larceny in the fourth degree, reckless endangerment in the second degree, unlawful impris-

onment in the first degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his guilt of robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree beyond a reasonable doubt because there is no proof that he succeeded in taking possession of the complainant's handbag. However, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant took possession of the complainant's property by exercising dominion and control over her handbag "for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights" (*People v Jennings,* 69 NY2d 103, 118; *see also, People v Jones,* 265 AD2d 159; *People v Gonzalez,* 246 AD2d 667, 668). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Furthermore, the defendant's contention that the prosecutor engaged in misconduct during closing arguments is largely unpreserved for appellate review since in most instances he made only general objections, did not request curative instructions when objections were sustained, and did not make a timely motion for a mistrial based upon the specific grounds asserted on appeal (*see, People v Hilliard,* 279 AD2d 590; *People v Hunte,* 276 AD2d 717; *People v Laguer,* 235 AD2d 495; *People v Johnson,* 210 AD2d 174). In any event, most of the challenged remarks constituted fair response to comments made during the defense counsel's summation or fair comment on the evidence elicited at trial, and none was so prejudicial as to require reversal (*see, People v Galloway,* 54 NY2d 396; *People v Caraballo,* 285 AD2d 610; *People v Brunson,* 284 AD2d 406, *lv denied* 96 NY2d 899; *People v Hilliard, supra; People v Hill,* 176 AD2d 755). Altman, J. P., Krausman, Goldstein and Crane, JJ., concur.