■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE YOUNG, Appellant. [755 NYS2d 907] —Appeal from a judgment of Livingston County Court (Alonzo, J.), entered June 25,

2001, convicting defendant after a jury trial of, inter alia, attempted murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, two counts of attempted murder in the second degree (*see* Penal Law §§ 110.00, 125.25 [1]) arising from his attack on two of his teenage cousins using a baseball bat and a pair of scissors. Defendant contends that he did not understand the *Miranda* warnings given to him by the police and that County Court therefore erred in denying his motion to suppress his post-*Miranda* statements to the police in which he admitted that he intended to rape and kill both girls. That contention is without merit. A review of the totality of the circumstances in this case establishes that defendant's statements to the police were voluntarily made (*see People v Martinez*, 276 AD2d 645 [2000], *lv denied* 95 NY2d 966 [2000]; *see generally People v Sirno*, 76 NY2d 967, 968 [1990]; *People v Anderson*, 42 NY2d 35, 38 [1977]). "It is apparent that defendant understood the *Miranda* warnings and, with such understanding, freely chose to answer the questions asked by the police" (*People v Benton*, 158 AD2d 987, 987 [1990], *lv denied* 75 NY2d 963 [1990]). The testimony of defendant at the *Huntley* hearing that he did not understand the *Miranda* warnings when they were read to him presented a credibility issue for the suppression court to resolve, and we see no reason to disturb the court's credibility determination (*see People v White*, 300 AD2d 1149 [2002]). Considering the heinous nature of the crimes, the sentence is neither unduly harsh nor severe. Present—Green, J.P., Pine, Hurlbutt and Lawton, JJ.