■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT DOWNS, Appellant. [825 NYS2d 103]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered April 7, 2005, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), burglary in the second degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's claim that he was denied the right to a public trial by the court's request that a 12-year-old boy be removed from the courtroom is unpreserved for appellate review (*cf. People v Garcia,* 95 NY2d 946, 947 [2000]; *People v Nieves,* 90 NY2d 426 [1997]).

The trial court's restriction on certain areas of cross-examination which had the potential of misleading the jury or addressing collateral matters was a proper exercise of its discretion (*see People v Davis,* 258 AD2d 528 [1999]; *People v Thorpe,* 236 AD2d 641 [1997]; *People v Heung K. Sul,* 234 AD2d 563 [1996]; *People v Delgado,* 186 AD2d 579 [1992]). There is no merit to the defendant's claim that the trial court overstepped the boundaries of the proper exercise of its discretion, or in any way deprived him of a fair trial (*cf. People v Retamozzo,* 25 AD3d 73 [2005]).

The defendant's contention regarding the prosecution's failure to give notice of a witness's intent to testify regarding a pretrial identification procedure pursuant to CPL 710.30 is without merit in light of the particular witness's inability to identify anyone during that procedure (*see People v Gee,* 99 NY2d 158, 161-162 [2002]; *see People v Gissendanner,* 48 NY2d 543, 552 [1979]; *People v Pennington,* 27 AD3d 269 [2006]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Adams, Dillon and Covello, JJ., concur.