■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRY PULLIAM, Appellant. [878 NYS2d 775]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered August 1, 2007, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Santos*, 86 NY2d 869 [1995]; *People v Leon*, 19 AD3d 509, 510 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant took possession of the complainant's property by exercising dominion and control over his bag "for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights" (*People v Jennings*, 69 NY2d 103, 118 [1986]; *People v Livigni*, 288 AD2d 323 [2001]; *People v Jones*, 265 AD2d 159 [1999]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that he should have been given notice pursuant to CPL 710.30 of statements that he made to the police while in custody. As there was a question of whether the defendant's statements were given voluntarily, the defendant had "the right to have a court review the circumstances under which the statement[s were] given and to determine [their] voluntariness, including whether [they were] truly spontaneous or the functional equivalent of interrogation" (*People v Chase*, 85 NY2d 493, 500 [1995]; *see generally People v Cox*, 215 AD2d 684 [1995]; *cf. People v Kimbell*, 169 AD2d 880 [1991]). However, because the evidence of the defendant's guilt, without reference to the error, was overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant's conviction, this error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 243 [1975]; *People v Rush*, 44 AD3d 799 [2007]; *People v Evans*, 256 AD2d 520 [1998]).

Contrary to the defendant's contention, the trial court did not err in denying his request to charge attempted robbery in the second degree as a lesser-included offense of robbery in the second degree. There was no reasonable view of the evidence that would support a jury finding that the defendant had only committed an attempted robbery, as the evidence demonstrated that the defendant was in possession and control of the complainant's bag (*see People v Jennings*, 69 NY2d at 118; *People v Livigni*, 288 AD2d 323 [2001]; *People v Jones*, 265 AD2d 159 [1999]).

Also contrary to the defendant's contention, the Supreme Court did not err in admitting a recording into evidence (*see People v Buie*, 86 NY2d 501 [1995]; *People v Marino*, 21 AD3d 430 [2005]; *People v Jamerson*, 21 AD3d 428 [2005]; *People v Lewis*, 222 AD2d 1058 [1995]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Spolzino, J.P., Santucci, Belen and Lott, JJ., concur.