Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered September 29, 2009, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant contends that he should have been given notice pursuant to CPL 710.30 of a statement that he made to the police. As there was a question as to whether the defendant’s statement was given voluntarily, the defendant “had the right to have a court review the circumstances under which the statement was given and to determine its voluntariness, including whether it was truly spontaneous” (People v Chase, 85 NY2d 493, 500 [1995]; see People v Pulliam, 62 AD3d 814, 815 [2009]). Accordingly, the defendant was entitled to notice pursuant to CPL 710.30 (1) (a), and the People’s failure to provide such notice should have served to preclude the admission of the statement at the defendant’s trial (see CPL 710.30 [3]; People v Chase, 85 NY2d at 500; People v Greer, 42 NY2d 170, 178 [1977]). However, since the evidence of the defendant’s guilt, without reference to the error, was overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant’s conviction, this error was harmless beyond a reasonable doubt (see People v Rivera, 9 NY3d 904, 905 [2007]; People v Chase, 85 NY2d at 500; People v Pulliam, 62 AD3d at 815).
Contrary to the defendant’s contention, the Supreme Court did not improvidently exercise its discretion when it denied defense counsel’s request to admit into evidence certain recordings of telephone calls to the 911 emergency number made by unidentified individuals who reported hearing gunshots on the night of the incident. This evidence was “of merely slight, remote or conjectural significance” (People v Feldman, 299 NY 153, 169-170 [1949]; see People v Pereda, 200 AD2d 774, 774 [1994]), and the probative value of the recordings was “outweighed by the prospect of trial delay, undue prejudice to the opposing party, confusing the issues [and] misleading the jury” *630 (People v Primo, 96 NY2d 351, 355 [2001]; see People v Davis, 43 NY2d 17, 27 [1977], cert denied 435 US 998 [1978]; People v Downs, 34 AD3d 596, 596 [2006]). Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.