■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS JEWAN LEE, Also Known as STRUGGLES, Appellant. [962 NYS2d 696]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered December 14, 2006, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal beings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review, as the defendant's motion to dismiss was based on an argument different from that raised on appeal (*see People v Crawford*, 38 AD3d 680 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution, there existed a valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial (*see People v Cahill*, 2 NY3d 14, 57 [2003]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention in his main brief and his pro se supplemental brief that counsel was ineffective is without merit. Viewing the record as a whole, the defendant received meaning-

ful representation. Counsel presented a reasonable defense, interposed appropriate objections, and effectively cross-examined the People's witnesses. Unsuccessful trial strategies and tactics do not constitute ineffective assistance of counsel (*see People v Smith*, 12 AD3d 707 [2004]; *People v Washington*, 5 AD3d 615 [2004]).

The defendant's remaining contention in his main brief is without merit.

The defendant's contention in his pro se supplemental brief that the County Court erred in denying that branch of his omnibus motion which was to suppress his statement to law enforcement officials is without merit. The conflicting testimony of the defendant and the detective who took his statement created a question of credibility for the hearing court. The court found the detective's testimony to be credible, and found the defendant's testimony not to be credible. There is no basis to disturb that determination, which is supported by the record (*see People v Hewitt*, 82 AD3d 1119 [2011]; *People v Young*, 303 AD2d 952 [2003]; *People v Davis*, 258 AD2d 528 [1999]; *People v Stevens*, 223 AD2d 609 [1996]; *People v Williams*, 226 AD2d 752 [1996]; *People v Buchta*, 182 AD2d 853 [1992]). A review of the totality of the circumstances establishes that the defendant's statement to the police was voluntarily made (*see People v DeCampoamor*, 91 AD3d 669 [2012]; *People v Young*, 303 AD2d 952 [2003]).

The defendant's contention in his pro se supplemental brief that his statement should have been suppressed because it was obtained in violation of his right to counsel is based on matter dehors the record and, thus, cannot be reviewed on direct appeal (*see e.g. People v Smith*, 98 AD3d 533, 535 [2012]).

The defendant's contention in point four of his pro se supplemental brief is unpreserved for appellate review and, in any event, is without merit. Mastro, J.P., Lott, Roman and Cohen, JJ., concur.