# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1383**
**KA 12-02255**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

DAVON GRIFFIN, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MISHA A. COULSON OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Donald E. Todd, A.J.), rendered August 31, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in denying his motion to suppress cocaine and marihuana he possessed at the time of his arrest. We reject that contention. The evidence adduced at the suppression hearing showed that the police in Syracuse arrested a person for illegally possessing hydrocodone pills, and that person thereafter became a confidential source (CS). Upon arrest, the CS offered to cooperate with the police by arranging a drug transaction with a dealer who previously sold crack cocaine to him. The police agreed to work with the CS, who, in the presence of the officers, called the dealer on his cell phone to arrange a drug transaction. Specifically, the dealer agreed to sell one ounce of crack cocaine to the CS for $1,400 in front of Dully's Market on the north side of the city.

Shortly after that call was made, defendant, riding as a passenger in a black Jeep, pulled into the parking lot at Dreams Market, which was around the corner from Dully's Market. Staked out in the area, a detective observed defendant exit the vehicle and make a phone call. At that time, the CS received a phone call from the dealer. The detective testified that he could hear defendant speaking on the phone from approximately 30 feet away, and concluded that he was speaking to the CS, whose end of the conversation he was hearing via the speaker phone of a fellow officer who was with the CS. At the

prompting of the police, the CS told the dealer to drive over to Dully's Market. Moments later, the black Jeep arrived at Dully's Market with defendant in the front passenger's seat. The police converged on the vehicle, removed defendant therefrom, and placed him in handcuffs. In response to questions posed by the officers, defendant admitted that he possessed cocaine, which he said was for his personal use, and a search of his person yielded cocaine and marihuana. The police also found cocaine on the floor in the front seat of the Jeep.

After defendant was arrested and placed in the backseat of a patrol vehicle, an officer observed him reaching into the back of his pants. Defendant was therefore removed from the vehicle to be searched more thoroughly, but he broke away and fled on foot. Defendant was apprehended after he tripped and fell, whereupon the officers observed several bags of cocaine on the ground where defendant had been prone. After he was indicted, defendant moved to suppress the drugs seized by the police, but the court denied the motion. The court thereafter appointed new counsel for defendant, who moved to suppress statements that defendant made to the police. The court granted that motion in part. Defendant nevertheless elected to plead guilty to criminal possession of a controlled substance in the third degree in exchange for a sentence promise from the court of seven years in prison plus a period of postrelease supervision. We now affirm.

Defendant contends that the court erred in denying his motion to suppress the cocaine seized by the police because the detective's testimony that he overheard defendant speaking on his cell phone from a distance of 30 feet is incredible as a matter of law. As a preliminary matter, we note that defendant did not advance that particular contention at the suppression hearing, and it is therefore unpreserved for our review (*see* CPL 470.05 [2]). In any event, in reviewing a determination of a suppression court, "great weight must be accorded its decision because of its ability to observe and assess the credibility of the witnesses, and its findings should not be disturbed unless clearly erroneous" (*People v Mejia*, 64 AD3d 1144, 1145, *lv denied* 13 NY3d 861 [internal quotation marks omitted]). Here, the court expressly credited that portion of the detective's testimony, and we perceive no basis in the record for us to set aside the court's credibility determination in that regard. Unlike defendant, we do not find it impossible to believe that the detective was able to hear defendant speaking from a distance of 30 feet. Moreover, the mere fact that the court did not credit another portion of the detective's testimony did not compel the court to disregard his entire testimony.

In any event, even if the detective did not hear what defendant said on his cell phone while defendant was engaged in a conversation in the parking lot at Dreams Market, the police nevertheless had probable cause to arrest defendant when he arrived moments later at Dully's Market. We conclude that it was more probable than not that defendant was the person speaking on the phone to the CS and making arrangements for the sale of crack cocaine in his possession and,

thus, the "facts and circumstances [were] sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was committing an offense" (*Fitzpatrick v Rosenthal*, 29 AD3d 24, 28, *lv denied* 6 NY3d 715 [internal quotation marks omitted]).

Defendant further contends that the court erred in refusing to conduct a *Huntley* hearing with respect to the admissibility of statements he made to the police that were referenced in the People's CPL 710.30 notice.  We reject that contention.  There were four sets of statements referenced in the CPL 710.30 notice.  Defendant conceded that the first set of statements—those he made on the phone to the CS in arranging the drug transaction—were not subject to suppression because defendant was not in custody at the time and thus the statements were voluntary in nature.  Based on evidence adduced at the *Mapp* hearing, the court suppressed the second and third sets of statements, i.e., those statements defendant made after he was arrested but before he fled.  Although the court refused to suppress the fourth set of statements, it nevertheless ruled that those statements would be inadmissible at trial because they were more prejudicial than probative.  Consequently, the only statements that the People were allowed to use at trial were those that defendant correctly conceded were voluntary.  Thus, there was no need for a *Huntley* hearing.

We have reviewed defendant's remaining contention and conclude that it does not warrant reversal.