■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW BARNETTE, Appellant. [55 NYS3d 364]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered June 7, 2013, convicting him of kidnapping in the second degree, robbery in the second degree, unlawful imprisonment in the second degree, assault in the third degree, endangering the welfare of a child, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and sentencing him to consecutive determinate terms of imprisonment of 25 years plus 5 years of postrelease supervision on the conviction of kidnapping in the second degree and 15 years plus 5 years of postrelease supervision on the conviction of robbery in the second degree, and concurrent definite terms of imprisonment of 1 year each on the convictions of unlawful imprisonment in the second degree, assault in the third degree, endangering the welfare of a child, and criminal possession of stolen property in the fifth degree, to run concurrently with the consecutively imposed sentences. The appeal brings up for review the denial, after a hearing (Chun, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by vacating the conviction of unlawful imprisonment in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, and (2) by providing that all of the

sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution, we find that the conviction of kidnapping in the second degree was supported by legally sufficient evidence (*see People v Contes*, 60 NY2d 620, 621 [1983]). The evidence established that the defendant, acting in concert with his codefendants, restrained the complainant with intent to prevent her liberation by secreting her in a place where she was unlikely to be found, i.e., a car with tinted windows traveling through Brooklyn (*see* Penal Law § 135.00 [2]; *People v Gonzalez*, 80 NY2d 146, 148 [1992]; *People v Cole*, 140 AD3d 1183 [2016]; *People v Burkhardt*, 81 AD3d 970 [2011]; *People v Salimi*, 159 AD2d 658 [1990]; *People v Valero*, 134 AD2d 635 [1987]). Further, upon our independent review of the evidence, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]). Moreover, the defendant's conviction of kidnapping in the second degree did not merge with his conviction of robbery in the second degree or the other charges inasmuch as the kidnapping was not incidental to and inseparable from the robbery, assault, or endangerment of the complainant (*see People v Gonzalez*, 80 NY2d at 153; *People v Cole*, 140 AD3d 1183 [2016]). The kidnapping was marked by brutal and degrading treatment and was already completed, in all of its elements, before the complainant was robbed (*see People v Gonzalez*, 80 NY2d at 153; *People v Cole*, 140 AD3d 1183 [2016]; *People v Leiva*, 59 AD3d 161 [2009]; *People v Sceravino*, 193 AD2d 824, 825 [1993]).

However, as the People correctly concede, the defendant's conviction of unlawful imprisonment in the second degree must be vacated, since that charge is an inclusory concurrent count of kidnapping in the second degree (*see* Penal Law §§ 135.00 [2]; 135.05, 135.20; CPL 300.40 [3] [b]; *People v Lee*, 39 NY2d 388, 390 [1976]; *People v Cole*, 140 AD3d 1183 [2016]).

Any error in admitting testimony that two nontestifying witnesses identified the defendant from a security video does not require reversal. To the extent that admission of the testimony was improper, it did not deprive the defendant of a fair trial (*see People v Crimmins*, 36 NY2d 230, 238 [1975]). Further, any other error in this regard was harmless, since the evidence of the defendant's guilt, without reference to this testimony, was overwhelming, and there was no reasonable possibility that this evidence might have contributed to the defendant's conviction (*see id.* at 237).

We agree with the defendant that the Supreme Court should have precluded the People from introducing into evidence statements he made to a detective on the ground that the People failed to provide notice of those statements in accordance with CPL 710.30 (*see People v Chase*, 85 NY2d 493, 500 [1995]; *People v Boone*, 98 AD3d 629 [2012]). The People failed to show good cause for the late notice, and a lack of prejudice is not a substitute for a demonstration of good cause (*see People v Lopez*, 84 NY2d 425, 428 [1994]; *People v O'Doherty*, 70 NY2d 479, 486-488 [1987]). However, since the evidence of the defendant's guilt, without reference to the error, was overwhelming, and there is no reasonable possibility that the admission of the defendant's statements to the detective might have contributed to the defendant's conviction, the error was harmless beyond a reasonable doubt (*see People v Chase*, 85 NY2d at 500; *People v Boone*, 98 AD3d 629 [2012]; *People v Pulliam*, 62 AD3d 814 [2009]). Further, the cumulative effect of these errors did not deny the defendant a fair trial (*see People v Crimmins*, 36 NY2d at 237-238; *People v Ainsley*, 132 AD3d 1007, 1008 [2015]).

The defendant's contention, raised in his pro se supplemental brief, that the statement he made at the police precinct should have been suppressed as the fruit of an unlawful arrest is without merit (*see* CPL 140.10 [1] [b]; *People v Vandover*, 20 NY3d 235, 237 [2012]; *People v Loewel*, 41 NY2d 609, 611 [1977]; *People v Griffin*, 124 AD3d 1378 [2015]).

The sentence imposed was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.