Appeal from a judgment of the Niagara County Court (Sara Sheldon, J.), rendered February 17, 2011. The judgment convicted defendant upon a jury verdict of, inter alia, kidnapping in the second degree as a sexually motivated felony, sexual abuse in the third degree, sexual abuse in the first degree, and endangering the welfare of a child.
 

 It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on the conviction of kidnapping in the second degree as a sexually motivated felony, and as modified the judgment is affirmed, and the matter is remitted to Niagara County Court for resentencing on that count.
 

 Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, kidnapping in the second degree as a sexually motivated felony (Penal Law §§ 130.91 [2]; 135.20), sexual abuse in the first degree (§ 130.65 [2]), and endangering the welfare of a child (§ 260.10 [1]). We reject defendant’s contention that he was denied effective assistance of counsel. Although defendant faults defense counsel for failing to make a number of objections at trial, we conclude that the objections had little or no chance of success (see People v Prescott, 125 AD3d 1332, 1332-1333 [4th Dept 2015], lv denied 27 NY3d 1004 [2016]). Defense counsel also was not ineffective for making “frivolous” objections at trial inasmuch as those objections in no way prejudiced defendant (see generally People v Lott, 55 AD3d 1274, 1275 [4th Dept 2008], lv denied 11 NY3d 898 [2008], reconsideration denied 12 NY3d 760 [2009]). Further, while defense counsel’s decision to call character witnesses opened the door to cross-examination referencing unfavorable propensity evidence, “[v]iewed objectively, the transcript . . . reveal [s] the existence of a trial strategy that might well have been pursued by a reasonably competent attorney [and] . . . [i]t is not for this [C]ourt to second-guess whether a course chosen by defendant’s counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation” (People v Satterfield, 66 NY2d 796, 799-800 [1985]). We have considered defendant’s remaining contentions concerning defense counsel’s alleged ineffectiveness and likewise conclude that they are without merit.
 

 As defendant correctly concedes, he failed to preserve for our review his contention that the evidence is legally insufficient to establish that he “abduct[ed]” the victim (Penal Law § 135.20), and did so for the purpose of his “own direct sexual gratification” as required under the statute (§ 130.91 [1]), inasmuch as he failed to move for a trial order of dismissal on that ground (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, we reject that contention. The term “[ajbduct” is defined in relevant part as “restrain [ing] a person with intent to prevent his [or her] liberation by . . . secreting or holding him [or her] in a place where he [or she] is not likely to be found” (§ 135.00 [2] [a]). The People established that the victim was secreted in a place in which he was unlikely to be found, both when he was riding in defendant’s car (see People v Manning, 151 AD3d 1936, 1937 [4th Dept 2017], lv denied 30 NY3d 951 [2017]; People v Barnette, 150 AD3d 1134, 1135 [2d Dept 2017], lv denied 29 NY3d 1123 [2017]), and when he was in defendant’s apartment (see People v Denson, 26 NY3d 179, 189 [2015]). Moreover, defendant’s intent to prevent the victim’s liberation may be inferred from defendant’s conduct, particularly because, even when defendant was out with the victim in public, he lied about his relationship to the victim, and also instructed the victim to do so (see People v Antonio, 58 AD3d 515, 516 [1st Dept 2009], lv denied 12 NY3d 814 [2009]; see generally Denson, 26 NY3d at 189). Further, defendant’s conduct supports the inference that defendant abducted the victim for his own sexual gratification (see People v Owens, 149 AD3d 1561, 1563 [4th Dept 2017], lv denied 30 NY3d 982 [2017]). Such an inference is “clearly appropriate” in the instant case, where defendant made sexually explicit comments to the victim and rubbed himself against the victim while allowing the victim to sit on his lap and steer the vehicle (id. [internal quotation marks omitted]; see People v Judware, 75 AD3d 841, 844-845 [3d Dept 2010], lv denied 15 NY3d 853 [2010]). Thus, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), the evidence is legally sufficient to establish the kidnapping conviction. Moreover, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
 

 The sentence is not unduly harsh or severe. We note, however, that a discrepancy between the sentencing minutes and the certificate of conviction requires vacatur of the sentence imposed on the conviction of kidnapping in the second degree as a sexually motivated felony. At the sentencing hearing, County Court originally sentenced defendant to a determinate sentence of 25 years, plus five years of postrelease supervision, on the conviction of kidnapping in the second degree as a sexually motivated felony. The court thereafter, noting that defendant’s conviction of kidnapping in the second degree was as a sexually motivated felony, instead imposed a period of 20 years of postrelease supervision. The certificate of conviction, however, recites that the sentence for the conviction of kidnapping in the second degree is 25 years of imprisonment, plus five years of postrelease supervision. Given the discrepancy between the sentencing minutes and the certificate of conviction, we modify the judgment by vacating the sentence imposed on the conviction of kidnapping in the second degree as a sexually motivated felony, and we remit the matter to County Court for resentencing on that count (see generally People v Bradford, 118 AD3d 1254, 1257-1258 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]; People v Jacobson, 60 AD3d 1326, 1329 [4th Dept 2009], lv denied 12 NY3d 916 [2009]).
 

 We have reviewed defendant’s remaining contentions and conclude that none requires reversal or further modification of the judgment.
 

 Present—Peradotto, J.P., Carni, DeJoseph, Cur-ran and Winslow, JJ.