People v Barnette (2020 NY Slip Op 05218)





People v Barnette


2020 NY Slip Op 05218


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-03193
 (Ind. No. 9928/11)

[*1]The People of the State of New York, respondent,
v
Andrew Barnette, appellant.


Janet E. Sabel, New York, NY (Ellen Dille of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Avshalom Yotam of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Jane Tully, J.), dated March 1, 2019, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Bruce Balter, J.) rendered June 7, 2013, as modified by decision and order of this Court dated May 24, 2017 (see People v Barnette, 150 AD3d 1134), convicting him of kidnapping in the second degree, robbery in the second degree, assault in the third degree, endangering the welfare of a child, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The defendant was convicted, upon a jury verdict, of numerous charges related to the kidnapping, robbery, and assault of a teenaged prostitute. The defendant initially was sentenced on his convictions of kidnapping in the second degree and robbery in the second degree to consecutive determinate terms of imprisonment of 25 years and 15 years, respectively. On the defendant's direct appeal, this Court modified the judgment, inter alia, to provide that those sentences run concurrently (see People v Barnette, 150 AD3d 1134). The defendant thereafter moved pursuant to CPL 440.10 to vacate his judgment of conviction on the grounds of ineffective assistance of counsel during plea negotiations, arguing that defense counsel was ineffective for failing to advise him that his maximum sentencing exposure included the possibility of consecutive sentences aggregating to 40 years. The defendant alleged that, had he been properly informed, he would have accepted plea offers made by the People of 6, then 10, years. The defendant further alleged that counsel failed to investigate his predicate status. In an order dated March 1, 2019, the Supreme Court denied the defendant's motion without a hearing. The defendant appeals by permission.
In denying the defendant's motion without a hearing, the Supreme Court relied, among other things, upon the fact that the defendant was repeatedly advised by defense counsel that he faced a maximum sentence exposure of 25 years if convicted after trial, which was the sentence ultimately imposed, as modified by this Court on direct appeal. We agree with the court that where, as here, counsel's alleged error is the failure to advise the defendant of the legal possibility of consecutive sentences, and the judgment, as modified on direct appeal, does not include consecutive sentences, the defendant has failed to raise a triable issue of fact sufficient to require a hearing on [*2]that claim (see CPL 440.30[4][b]-[d]; see generally Lafler v Cooper, 566 US 156, 170-171; People v Pignataro, 22 NY3d 381, 387).
Further, we agree with the Supreme Court's determination that, under the circumstances attending the case, there was no reasonable possibility that the defendant's self-serving allegation that he would have accepted the offer of six years, during the short period in which it was available, was true (see CPL 440.30[4][d]; People v Allen, 174 AD3d 815, 816). Finally, the transcripts of the underlying proceedings conclusively establish that the prosecutor refused to offer a plea of less than ten years after it was discovered that the defendant was not a predicate felon (see CPL 440.30[4][b]-[d]). Therefore, any failure by counsel to investigate the defendant's predicate status had no affect on the plea negotiations (see People v Bank, 28 NY3d 131, 137-138).
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion pursuant to CPL 440.10 without a hearing.
BALKIN, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court