People v Kratz (2024 NY Slip Op 04889)

People v Kratz

2024 NY Slip Op 04889

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

676 KA 22-01806

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM KRATZ, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D. BASSETT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered October 7, 2022. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence, and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for resentencing.
Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We agree with defendant that his "purported waiver of the right to appeal is not enforceable inasmuch as the totality of the circumstances fails to reveal that defendant 'understood the nature of the appellate rights being waived' " (People v Youngs, 183 AD3d 1228, 1228 [4th Dept 2020], lv denied 35 NY3d 1050 [2020], quoting People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Williams, 136 AD3d 1280, 1281 [4th Dept 2016], lv denied 27 NY3d 1141 [2016], lv denied 29 NY3d 954 [2017]). "Although ambiguities in a court's explanation may be cured by adequate clarifying language, which may be provided either in a written waiver or in the oral colloquy," we conclude that "such language is absent from the record in the appeal[ ] before us" (People v Parker, 189 AD3d 2065, 2066 [4th Dept 2020], lv denied 36 NY3d 1122 [2021]).
Nevertheless, we reject defendant's contention that the bargained-for sentence of incarceration is unduly harsh and severe. We note, however, that a discrepancy between the sentencing minutes and the certificate of conviction requires vacatur of the sentence imposed. At sentencing, County Court sentenced defendant to a determinate sentence of nine years of incarceration, plus four years of postrelease supervision. The certificate of conviction, however, recites that the sentence for the conviction is nine years of incarceration, plus five years of postrelease supervision. Given the discrepancy between the sentencing minutes and the certificate of conviction, we modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing (see People v Delp, 156 AD3d 1450, 1453 [4th Dept 2017], lv denied 31 NY3d 983 [2018]; see generally People v Bradford, 118 AD3d 1254, 1257-1258 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]).
We have considered defendant's remaining contention and conclude that it does not warrant reversal or further modification of the judgment.
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court